No. 1805
Second Circuit Appeal

## J. T. BOWERS v. ORLEANS PRODUCING AND REFINING CORPORATION, ET AL.

(March 17, 1925, Opinion and Decree)
(June 23, 1925, Opinion and Decree on Rehearing)

(*Syllabus by the Editor.*)

1. **Louisiana Digest — Corporations — Par. 209.**
In view of Article 165, Section 9, of the Code of Practice, suing out the injunction suit was the doing of something for which the action for damages lay, and therefore the plaintiff in the injunction suit, a corporation, could be sued in Red River parish where the damage was done.

2. **Louisiana Digest—Suretyship—Par. 53.**
In view of Section 8 of Act 41 of 1894, the plaintiff in the injunction suit, being suable in Red River parish on the bond the surety under this section is likewise suable there.

3. **Louisiana Digest—Pleading—Par. 62.**
An exception of no cause of action in a suit against the principal and surety on an injunction bond will not be sustained merely because of the supposition that the bond has not been broken because the injunction suit was dismissed without it having been decided that the injunction was wrongfully obtained.

4. **Louisiana Digest—Appeal—Par. 625.**
The finding of the trial court on the amount of damage, a question of fact, being clearly correct, is affirmed.

Appeal from Eleventh Judicial District Court, Parish of Red River. Hon. J. W. Jones, Jr., Judge.

This is a suit against the principal and surety on an injunction bond given in the suit of Orleans Producing and Refining Company against this plaintiff and the sheriff of Red River parish, wherein they were enjoined from selling a drilling rig against which plaintiff, Bowers, had sued out executory process in a suit against Homer 23 Oil Company for the collection of a chattel mortgage debt.

There was judgment for plaintiff and defendant appealed.

Judgment affirmed.

Stephens & Cagle, of Coushatta, Caffery & Dorman, of Shreveport, attorneys for plaintiff, appellee.

S. R. Thomas, Nettles & Bethard, all of Coushatta, attorneys for defendant, appellants.

CARVER, J. This is a suit against the principal and surety on an injunction bond given in the suit of Orleans Producing and Refining Company against this plaintiff and the sheriff of Red River parish, wherein they were enjoined from selling a drilling rig against which plaintiff, Bowers, had sued out executory process in a suit against Homer 23 Oil Company for the collection of a chattel mortgage debt of one thousand dollars, besides interest and attorney's fees.

The alleged ground on which the injunction was obtained was that the mortgage debt was fictitious and that Bowers' attempt to collect it was a fraud on the rights of Orleans Producing and Refining Company which then owned the rig by purchase from the mortgagor.

Bowers excepted to the petition in the injunction suit on the ground of vagueness and demanded oyer of certain documents. The court ordered the plaintiff to amend and file the documents by a certain date under penalty of having the suit dismissed in case of failure; and the plaintiff, failing to comply with the order, the suit was dismissed.

It seems no appeal was taken from that judgment, which has now become final.

In the present suit the Orleans Producing and Refining Company filed various

exceptions not necessary to notice, as that company did not appeal.

The American Surety Company, the surety on the injunction bond, filed an exception to the citation which, by its consent, was overruled. (Evidence, page 1) It also filed exceptions to the jurisdiction of the lower court rationae materiae and rationae personae and an exception of no cause or right of action.

### 1.

#### Jurisdiction Rationae Materiae

This exception must have been filed by inadvertence as we cannot conceive of any reason for thinking the District Court without jurisdiction of the subject matter of the suit.

### 2.

#### Jurisdiction Rationae Personae

It appears that the Orleans Producing and Refining Company is a Delaware corporation.

In its exception the Orleans Producing and Refining Company alleges that its Louisiana domicile is in New Orleans.

The Surety Company, in its exception, merely stated that the District Court was without jurisdiction rationae personae, without saying why.

These exceptions were referred to the merits.

We find no proof in the record as to what parish either company had selected as its Louisiana domicile, so it might be proper to overrule these exceptions on the ground that the burden was on defendants to show that the District Court was without jurisdiction rationae personae and that they had failed to do so. But service on both companies was made on agents in New Orleans and as plaintiff's attorney does not claim that either one is domiciled in Red River parish where the suit was brought, we shall consider defendants as not residing in that parish.

The general rule is that parties must be sued at their domicile, but Article 165 of the Code of Practice provides:

"There are other exceptions to this rule which require that the defendant be sued before the judge having jurisdiction over the place of domicile or residence; they are enumerated:
* * * *

"9. In all cases where any corporation shall commit trespass, or do anything for which an action for damage lies, it shall be liable to be sued in the parish where such damage is done or trespass committed."

Suing out the injunction suit was, in our opinion, the doing of something for which an action for damages lay, and therefore the plaintiff in the injunction suit could, we think, be sued in Red River parish where the damage was done.

Act 41 of 1894, being the act authorizing surety companies to sign bonds, provides, in Section 8, as follows:

"No company, having signed such bond or bonds, shall be permitted to deny its corporate power to execute said instrument, or incur such liability in any proceeding to enforce liability against it thereunder, and such company shall be suable in the same jurisdiction as the principal obligee (meaning obligor) on such bond, and citation shall be served on it, or its attorney for service of process, as is by law in such cases provided."

The plaintiff in the injunction suit being suable in Red River parish on the bond, the surety under this section is likewise, we think, suable there.

### 3.

#### Exception of No Cause or Right of Action

We presume this exception is based on the supposition that the bond has not been broken because the injunction suit was dismissed without it having been decided that the injunction was wrongfully obtained. If so, we think the claim without merit.

Were that the law, a plaintiff could sue out injunction and greatly hamper creditors in their efforts to collect what was due them with little or no risk. They are sued out in chambers, and on court's convening could be voluntarily dismissed and the defendant would have no recourse on the bond. Besides, the proof in this case shows that the injunction was wrongfully obtained. Bowers swears, as a witness in this case, that the debt on which he sued Homer 23 Oil Company was genuine, and no attempt was made to contradict this. The sole ground of the injunction was that the debt was fictitious.

### 4.

### Items of Damage

Plaintiff itemizes the damages for the wrongful injunction as follows:

| | |
|---|---:|
| Expenses of the plaintiff and his attorney in attending court to defend the injunction suit | $ 35.00 |
| Four days' time lost by plaintiff attending court to defend said suit | 40.00 |
| Attorney's fees | 250.00 |
| Fees of the custodian for keeping the drilling rig while under seizure | 231.00 |
| Depreciation in value of the machinery while under seizure | 400.00 |
| Total | $956.00 |

In its answer the surety company denied generally the allegations of plaintiff's petition, plead that the writ of injunction had never been tried, and that the amounts claimed by plaintiff for expenses, loss of time, attorney's fees and custodian fees were excessive, that the keeper had accepted much less than the amount claimed, and that the depreciation had operated to plaintiff's advantage because the property was sold without appraisement and plaintiff bought same for less than twenty-five per cent of its value.

In our opinion these defenses are without merit.

One of them has already been discussed under the exception of no cause or right of action.

As to the keeper's fees, the proof shows that the amount charged, $1 a day, is reasonable and less than the usual charge. It is true the keeper released the sheriff from paying any more than $33, which plaintiff paid, but he looks to plaintiff for the balance.

The proof does not show that the price, four hundred dollars, paid by plaintiff at sheriff's sale was less than its value, but if it did and if plaintiff had made a profit on his purchase, we do not think these circumstances could offset the loss plaintiff suffered by reason of the depreciation and the consequent loss of a considerable part of his debt.

### Amount of Damages

The lower court gave judgment for $836.00 and the plaintiff does not ask for any amendment.

We have examined the record and in our opinion the proof sustains the finding of the District Judge.

Plaintiff and his attorney made two or three trips to Shreveport and Coushatta, for the expenses of which and for plaintiff's time $75.00 is claimed.

He also claims $200.00 attorney's fees and $231.00 keeper's fees.

If all these were allowed as claimed, then the District Judge only allowed $330.00 for depreciation. In our opinion the property depreciated much more than this, so that even if the items of expenses, loss of time and attorney's fees are too high, we think, the total amount of the judgment is not.

The judgment of the lower court is affirmed.

## ON APPLICATION FOR REHEARING

CARVER, J. At the original hearing appellant's counsel did not appear either orally or by brief. When the original opinion was handed down he explained that his inattention to the case was due to a misunderstanding. So we granted a rehearing. In his brief filed on rehearing he admits that $75 is a proper allowance for plaintiff's expenses and loss of time. He also admits that plaintiff's reasonable attorney's fees should be allowed, placing these at $100. He also admits that plaintiff should be allowed his $33 paid to the custodian.

These items total $208.

He argues, though, that the rest of the $231 custodian fees should not have been allowed because the custodian, on receiving the $33, released the sheriff from any further payment.

The proof, though, shows that he looks to the plaintiff for the balance, and that the charge of $231 is reasonable and much less than the usual charge.

Counsel also complains that we allowed too much for depreciation of the property between the time it was seized and the time it was sold. He argues that plaintiff, having estimated the property when sold at $1585 and having bought it for $400 did not lose anything.

The figures going to make up the $1585 though, were mere estimates made by plaintiff, who had thoroughly examined and tested most of the property. On the second trial of the case he gave other estimates much less than the original one, giving reasons for the reductions. No counter testimony was introduced. Besides, we think that what the property brought at the sheriff sale was a better test of its value than any mere estimate. When sold the property brought very much less than enough to pay the plaintiff's debt. We are satisfied that if the sale had not been interfered with by the injunction it would have brought more than enough to pay his debt.

The amounts admitted by plaintiff are $208
We think the custodian fee is proper 251
Figuring depreciation 397
                                        ———
Would total $836

This is the amount of the judgment.

The testimony satisfies us the depreciation was more than $397.

For these reasons it is decreed that the decision originally handed down herein be reinstated and made the judgment of the court.