No. ——

First Circuit

---

BURNS v. WEBER KING LUMBER COMPANY

---

(June 5, 1926, Opinion and Decree.)
(July 8, 1926, Rehearing Applied For.)

---

*(Syllabus of the Editor.)*

1. **Louisiana Digest—Master and Servant —Par. 159.**

An injured workman suffering from hernia causing total disability due to an accident in the course of his employment is entitled to compensation under Section 8, Subsection 1 (b) of the Workmen's Compensation Act No. 20 of 1914 during the period of disability not exceeding four hundred (400) weeks.

2. **Louisiana Digest—Appeal—Par. 625; Master and Servant—Par. 160 (I).**

The finding of the trial court as to matters of fact in a workmen's compensation case under Act No. 20 of 1914 unless clearly erroneous will be affirmed.

Appeal from the Parish of Vernon, Hon. Hal. A. Burgess, Judge.

Action by W. R. Burns against Weber King Lumber Company. There was judgment for plaintiff and defendant appealed.

Judgment affirmed.

F. M. Wood, of Leesville, attorney for plaintiff, appellee.

Hardin and Cavanaugh, of Leesville, attorneys for defendant, appellant.

LECHE, J.     Defendant appeals from a judgment condemning it to pay compensation to plaintiff at the rate of eight 58-100 dollars per week during the period of his disability not exceeding four hundred weeks.

Plaintiff was working for defendant, dumping slips of earth and rock in the process of levelling and preparing an earthen embankment for the laying of a railroad track. He says that while performing this labor on July 10, 1925, he felt a sudden jar and considerable pain, that he became so sick he was unable to resume his work and had to lie down until quitting time on that day. He was then taken to the physician regularly employed by the defendant company, who told him he had a hernia and who provided him with a truss.

The defense is that plaintiff had long previously been suffering with hernia and therefore that the injury had not been inflicted during the course of his employment by defendant, and defendant also complains that the trial judge erred in holding that plaintiff was totally disabled.

Plaintiff is positive that he had not suffered with hernia before he was hurt on

July 10, 1925, and that so far as he knew, no member of his family and none of his ancestors had ever been afflicted with hernia. This last statement was elicited from him for the reason that one of the medical experts who testified in the case was of opinion that hernia was of hereditary origin. The eight physicians who testified on the trial, disagreed in many respects but they all more or less thought that a latent or incomplete hernia might exist without the patient's knowledge and might suddenly be much aggravated by a physical strain or by a physical shock. Defendant's regular physician discounted this theory in the present case, for the reason that if any enlargement of the hernia had taken place, there would have been local indications of the enlargement when he first examined plaintiff. Of course, in a question of this kind, much weight should be given to the opinion of experts, but where the victim whose testimony seems to be frank and sincere, is in conflict with a theory advanced by an expert, that testimony can not be for that sole reason, completely ignored.

Plaintiff is corroborated by surrounding facts and circumstances as to the time and the manner in which he was hurt. It is shown without contradiction, that he was hurt while performing arduous labor, that he was compelled to quit his work and to lie down and that his foreman had him brought to the defendant's physician, and that his capacity to labor was much if not totally impaired.

The case is not free from doubt, but we see no reason to set aside the finding of facts by the trial judge. So far as the amount allowed by the trial court for compensation is concerned, it appears to be in consonance with the facts, and if hereafter found to be erroneous it may, under the terms of the compensation law, be modified as justified by changed conditions.

We believe the judgment appealed from is correct and should be affirmed, and,

It is so ordered.