## MURPHY v. B. MUTTI, Inc., et al.

### No. 16261.

Court of Appeal of Louisiana. Orleans.

March 9, 1936.

Rehearing Denied March 23, 1936.

494

James G. Schillin and Eraste Vidrine, both of New Orleans, for appellants.

Maurice R. Woulfe, of New Orleans, for appellee.

JANVIER, Judge.

Alphonse Murphy alleges that on December 28, 1934, in the course of his employment by B. Mutti, Inc., he sustained accidental injury which has resulted in his permanent total disability from "a hernia and sacro-iliac injury." He avers that he had been earning $15 per week and that he is, therefore, entitled to $9.75 per week for 400 weeks. He seeks solidary judgment against B. Mutti, Inc., his employer, and Great American Insurance Company of New York, alleging the latter corporation to be the insurer of the former.

Both defendants deny that the Great American Insurance Company of New York is the insurer, and they also deny that the accident resulted in severe or permanent injury to plaintiff, and aver that if he is at present disabled by the hernia,

the disability results from his refusal to submit to an operation which, it is contended, could be performed with absolute safety and with little pain and with almost complete assurance of success.

In the district court there was judgment reading as follows:

"In this matter heretofore submitted to the court, the court considering the law and the evidence to be in favor of the plaintiff, for the reasons orally assigned.

"It is ordered, adjudged and decreed, that there be judgment herein (in compensation) in favor of the plaintiff, Alphonse Murphy, and against the defendants, B. Mutti, Inc., and Great American Insurance Company of New York, jointly and in solido, for the sum of $9.75 per week from December 28, 1934 to December 8, 1935, and with legal interest on all deferred payments from date due until paid, subject to a credit of six weeks at $9.75 per week.

"It is further ordered, adjudged and decreed, that the said plaintiff shall submit to an operation for cure to his hernia, suffered by him, on or before July 26, 1935, by physician to be selected by him (all hospital and medical fees to be paid by the defendants) and on his failure to submit to said operation, the defendants herein shall be relieved from the payment of any compensation from and after December 8, 1935.

"It is further ordered, adjudged and decreed, that should plaintiff delay the performing of the operation by more than two weeks from this date, but shall subsequently submit to same, that the delay between July 26, 1935 and the date he undergoes said operation, shall be deducted from the period of his compensation.

"It is further ordered, adjudged and decreed, that should the health of the plaintiff prevent the operation at the present time, the said plaintiff shall be entitled to additional compensation for the time it is necessary to build up his constitution to submit to same.

"It is further ordered, adjudged and decreed, that in the event that plaintiff shall undergo said operation and same proves unsuccessful he shall be entitled to compensation at the rate of $9.75 per week for 400 weeks—subject to a credit of whatever compensation has been paid.

"Defendants to pay all costs." ·

Defendants having appealed, plaintiff has answered the appeal and, to his answer, has attached copies of letters written to counsel for defendants ·in which he agrees to submit to the operation under the terms and conditions set forth in the judgment.

■ So far as the Great American Insurance Company of New York is concerned, there is not one word in the record to connect it in any way with the matter except the allegation in plaintiff's petition that it is the employer's insurer. It is evident that the judgment, so far as it runs against this defendant, is erroneous and must be reversed. ·

Considering first the claim of plaintiff that he sustained a sacro-iliac injury, we reach the conclusion that the evidence does not convincingly show that such injury existed. The medical testimony on this point overwhelmingly demonstrates that he sustained no such injury and that his testimony concerning it resulted from afterthought in no way prompted by the facts.

■ But there can be no denial of the fact he was and is suffering from a hernia and there is no evidence contradictory of that given by him which is to the effect that this injury was sustained in the course of employment and as the result of accident. ,

While there may be some doubt as to the ability of plaintiff to do certain kinds of work in his present condition, it is apparent that even defendant's expert surgeons are of the opinion that any laborious work would be fraught with danger and that he should undergo an operation if he is to ever return to the only kind of work for which he is fitted.

We thus conclude that as the result of the hernia he is, within the contemplation of the Workmen's Compensation Law of this state (Act No. 20 of 1914, as amended), completely disabled and will, in all probability, remain so until a successful operation has been performed.

■ There may be some doubt as to whether the judgment, which makes further compensation payments dependent upon his submission to an operation, is correct, because, while it is true, that in theory at least, an employee whose condition will be relieved by operation must submit to such operation or lose the right to further compensation, provided the operation is practically certain of success and equally free from danger and from pain (Crawford v. Tampa Inter-Ocean S. S. Co. [La.App.] 155 So. 409), it is equally true that rarely indeed does there exist such practical certainty of success and freedom from danger and pain as will justify such a judgment. But, since plaintiff has consented to submit himself to the operation, we need not consider that question here and we turn to the contention of defendant that, while it is willing to pay all expenses of the operation and to pay compensation until there has elapsed sufficient time for plaintiff's recovery therefrom, it should not be made liable for any further compensation should the said operation fail to restore plaintiff to his former physical condition and should he thereafter be actually unable to return to work. In other words, as we understand defendant's contention at this time, it is merely that the judgment is incorrect only in that part which reads as follows:

"It is further ordered, adjudged and decreed, that in the event that plaintiff shall undergo said operation and same proves unsuccessful he shall be entitled to compensation at the rate of $9.75 per week for 400 weeks—subject to a credit of whatever compensation has been paid."

Counsel for defendant argues that the .risk of success should be borne by plaintiff; that if he submits to the operation and it proves unsuccessful, he should be permitted to recover compensation only for such time as would ordinarily be required for recovery from such an operation; and that thereafter, regardless of whether he can return to work, no further payments should be due. In their brief they say, "We respectfully submit that there should be an unconditional judgment in favor of defendant ordering plaintiff to submit to the operation at defendant's expense."

■ With this view we are not in accord. The employer owes compensation as long as the employee. remains disabled. The employee must do everything reasonable to regain his health and physical strength. It is because of this that employees must, in certain rare cases, submit to operations. But if an employee does everything that can, within reason, be expected of him and, nevertheless, disability continues, just so long as it continues, also continues his employer's liability for compensation payments. If an employee submits to the operation and it proves unsuc-

cessful, there is no reason why his right to compensation should terminate.

Whenever an employee is injured and the services of a physician or of a surgeon are resorted to, the liability continues so long as the disability continues. It would be a harsh doctrine indeed which would place upon the employee the duty of resorting to medical or surgical attention at the risk of losing his right to compensation if the services of the physician or of the surgeon should prove unsuccessful.

█ It is our opinion that the judgment should have been for $9.75 per week during the period of disability not, however, in excess of 400 weeks, and that there should have been a time fixed in which the operation should have been submitted to, with the condition that upon failure to submit within that time compensation payments should cease. In other words, we find no fault with the judgment as it was rendered except that it should have been limited not to December 8, 1935, but rather to the period of disability not in excess of 400 weeks, subject, of course, to a credit for the payments already made. There is no assurance that within any specified time, which can be set in advance, plaintiff will recover, even assuming that the operation shall prove successful. When he does recover, if no agreement can be reached, and if he refuses to return to work, the compensation laws provide a method by which the employer may protect itself.

Though there is evidence in the record concerning plaintiff's present physical condition with reference to his ability to withstand an operation, nevertheless, from the fact that he has acquiesced in the judgment, we assume that his condition will render such an operation advisable.

It is, therefore, ordered, adjudged, and decreed that the judgment in so far as it condemns the Great American Insurance Company of New York be and it is annulled, avoided, and reversed and the suit as to that defendant be and it is dismissed at the cost of plaintiff.

It is further ordered that the judgment appealed from in so far as it condemns B. Mutti, Inc., be and it is amended so as to read as follows:

It is ordered, adjudged, and decreed that there be judgment herein in compensation in favor of the plaintiff, Alphonse Murphy, and against defendant B. Mutti, Inc., for the sum of $9.75 per week from December 28, 1934, during the period of plaintiff's disability not, however, in excess of 400 weeks with legal interest on all deferred payments from due date until paid, subject to a credit of six weeks at $9.75 per week, and,

It is further ordered, adjudged, and decreed that within 30 days from the finality of this decree the said plaintiff shall submit to an operation for cure of his hernia, by a surgeon to be selected by him, all hospital and medical costs to be paid by said defendant B. Mutti, Inc., and that in the event he arbitrarily refuses to submit to such operation or delays, without just cause, its performance, then defendant is to be relieved from the payment of compensation for the period between the expiration of thirty days from the finality of this decree and the day on which he submits to such operation and the said period is to be deducted from the period of 400 weeks. As thus amended, the judgment is affirmed.

Reversed in part; amended and affirmed in part.