**SULLIVAN, LONG & HAGGERTY, Inc., et al. v. WASHINGTON.**

**No. 10207.**

Circuit Court of Appeals, Fifth Circuit.

May 15, 1942.

St. Clair Adams, Jr., of New Orleans, La., for appellants.

Adam H. Harper and Cameron C. McCann, both of New Orleans, La., for appellee.

Before SIBLEY, HUTCHESON, and McCORD, Circuit Judges.

HUTCHESON, Circuit Judge.

The jurisdiction rested on diversity of citizenship,[1] the action was under the Louisiana Workmen's Compensation Act[2] to recover the compensation benefits it allowed for total and permanent disability. The defense was; that plaintiff had received injuries but he had recovered and was no longer suffering disability from them; that he had been paid full compensation during the period of his disability and ought not have judgment. Tried by the judge, as the statute provides the action should be, and upon full and conflicting evidence, there were findings and a judgment, for the plaintiff. Appellant is here insisting that the findings and judgment were clearly erroneous and should be reversed. Errors are assigned also to the failure of the court to require appellant to submit to an X-ray examination with the use of a Lipiodol injection and his refusal to permit appellant's witness, to test in court the Achilles reflexes of the plaintiff. Appellee urging; that the evidence is overwhelming that appellee was and is disabled; that under the provisions of Rule 52,[3] Federal Rules of Civil Procedure, 28 U.S.C.A. following section 723c, and under the uniform decisions of the Louisiana courts,[4] the findings of the trial judge on questions of fact will not be disturbed unless manifestly erroneous; insists that the facts and the findings being as they are, the appeal must be regarded as taken only for delay, and 10% damages awarded.

As to the complained of rulings, appellee insists; that the record shows; that no prejudicial error could have come from the refusal of the Achilles test, and that as to the Lipiodol test, it shows that such a test would be dangerous; that the invoked statute does not require such a test; and that the judge was well within his discretion in refusing to order it.

While the earnestness and conviction with which appellant argues his appeal, in the light of the positive grant of an appeal as of right, under the Louisiana statute, prevents our agreeing with appellee that the case should be affirmed with damages for delay, we do agree with him that it should be affirmed. For whether, the action being purely statutory, the finding of the district judge is to be tested as under the rule governing the appeal it allows to the state appellate courts, or as under Rule 52, of the Federal Rules of Civil Procedure, it is perfectly clear that there can be no reversal here. Under both rules the appellate courts may reverse if the findings are manifestly erroneous, under both, they may not unless they are. Here there was a direct and positive conflict in the medical testimony taken orally and plaintiff's witness was in no manner impeached or discredited. This is the very kind of record where it is peculiarly the province of the trial judge to determine the facts.

Nor is appellant any better off in respect to the rulings it complains of. The matter of the Achilles reflex test, if theoretical, is certainly harmless, indeed almost frivolous, error. As to the Lipiodol test, it is quite clear; that the invoked statute[5] provides only for an examination by a medical practitioner; that it contains no provision covering the refusal of an employee to submit to medical treatment or operation; and that while an employee must accept simple and harmless treatment,

---

[1] Cf. Selby Oil & Gas Co. v. Railroad Commission of Texas, 5 Cir., 128 F.2d 334.

[2] Section 4408, Louisiana General Statutes of 1939, Benjamin W. Dart, Act La. No. 20 of 1914, § 18, as amended by Act No. 81 of 1930.

[3] "Findings of fact shall not be set aside unless clearly erroneous, and due regard shall be given to the opportunity of the trial court to judge of the credibility of the witnesses."

[4] Section 4409, Louisiana General Statutes, Dart, Act La. No. 20 of 1914, § 19; Bowers v. Orleans Producing & Refining Co., 1 La.App. 784; Powell v. Spencer Bros., 6 La.App. 669; Burns v. Weber King Lumber Company, 4 La. App. 714.

[5] "3. If there be any dispute thereafter as to the condition of the employee, the Court, upon application of either party, shall order an examination of the employee to be made by a medical practitioner appointed by the Court. The fees of such examiner shall be fixed by the Court at not to exceed ten dollars, and shall be paid in advance by the applicant. Such medical examiner shall report his conclusions from such examination to the Court, and such report shall be prima facie evidence of the facts therein stated in any subsequent proceedings under this act." Sec. 3, Art. 4399, Dart's La. General Statutes, 1939, Act La. No. 20 of 1914, § 9, subd. 3, as amended by Act No. 38 of 1918.

the judge, where there is a conflict of opinion among medical experts as to its effect or its danger, has a discretion to order or to refuse to order it.[6]

There was positive evidence here that the Lipiodol injection might cause serious damage. There was also testimony that after it was undergone, the conclusions drawn from it were largely negative, and more, there was full admission by defendant that plaintiff had at all times submitted himself to examination.

Without, of course, undertaking to determine whether, under other circumstances and other proof, an examination with the aid of the Lipiodol injection might be properly requested, and if refused, ordered, or as to what effect should be ascribed to such refusal,[7] we have no doubt that under these circumstances, including the time of the request, the judge was well within his discretion in refusing to order the treatment requested.

The record presents no reversible error. The judgment is affirmed.

[6] Workmen's Compensation, Law of Louisiana, page 78, 79, St. Clair Adams, Jr.; Martin v. Wyatt Lumber Company, 4 La.App. 157; Wood v. People's Homestead & Savings Association, La.App., 177 So. 466; Murphy v. B. Mutti, Inc., La.App., 166 So. 493; Id., La.App., 184 So. 216.

[7] 28 Louisiana and Southern Digest, Workmen's Compensation, ☞948–954.