LEBEAU<br>v.<br>BERGERON.

---

## F. M. FISK *v.* E. T. PARKER, Sheriff, et al.

A judgment of dismissal is nothing more than one of nonsuit, and cannot support the plea of *res judi-cata*, as to any of the matters at issue.

The reasoning, and opinion of the court upon a subject, on the evidence adduced before it, cannot have the force and effect of the thing adjudged, unless the subject matter be definitively disposed of by the decree.

APPEAL from the Third District Court of New Orleans, *Duvigneaud*, J. *F. A. Bartlett* and *G. A. Breaux*, for plaintiff and appellant. *T. H. Howard* and *A. G. Brice*, for defendants.

LAND, J. In November, 1851, *George H. Wallace* commenced suit by attachment against *Bennett E. Smith*, in the Third District Court of this city, and attached the slaves *Mary Ann* and " *America*," as the property of the defendant. On the 7th of same month, *Francis M. Fisk* intervened in the suit and claimed the slave *America* as his property, and prayed for judgment recognising him as owner. To this petition of intervention the plaintiff filed, on the 29th of November, 1851, a general denial. On the 10th day of December following, the plaintiff filed a supplemental petition making *Fisk* a party garnishee to the action and propounding to him interrogatories, the third of which was—" have you not in your possession or under your control, or had you not when seizure was made in your hands on the 6th day of November last, or at any time since, certain slaves belonging to said defendant, or which were standing in his name, to-wit : *Francis Peterson, Harriet, Jane, Frank, Rhoda, Austin* and *Maria*."

To the answers of the guarnishees to the interrogatories, the plaintiff filed a traverse, which was tried together with the principal action and third opposition of *Fisk*, and thereupon the following judgment was rendered :

" For the reasons assigned in the written opinion of the court this day delivered and on file, it is adjudged and decreed, that the plaintiff, *George H. Wallace*, recover of defendant, *Bennett E. Smith*, the sum of five thousand and sixty dollars, with legal interest from 6th of November, 1851, until paid. *That the intervention of F. M. Fisk be dismissed;* that the said *F. M. Fisk*, as garnishee, deliver up to the Sheriff, the slaves *Rhoda* and *Peterson*, as subject to the plaintiff's attachment, within two days after this judgment shall become executory, and in default thereof, that the plaintiff recover of the said *Fisk*, garnishee, the value of the said slaves *Rhoda* and *Peterson*, to be fixed by evidence on motion ; it is further ordered, that the defendant, *Smith*, pay the costs of the main action, *and that Fisk pay the costs of the intervention* and of the traverse."

From this judgment, *Fisk*, the intervenor, appealed to this court, and the appeal was dismissed, " because much of the oral testimony was not reduced to writing, and partly because certain extracts from written books had not been produced by the party who offered them, and because there was no agreed statement of facts."

The plaintiff, after the dismissal of the appeal, sued out an execution on his judgment and caused the slave "*America*," to be seized as the property of the defendant. Thereupon, *F. M. Fisk* commenced this suit by injunction, to arrest and prevent the sale of the slave on the grounds of his possession and ownership. To this demand the defendants pleaded *res judicata*, by alleging that all of his rights have been adjudicated upon and against him, on his intervention and third opposition filed in the suit of *Wallace* v. *Smith*.

The exception of *res judicata* was sustained by the lower court, and the plaintiff has appealed.

It is to be observed that the petition of intervention in the suit of *Wallace* v. *Smith*, was filed and issue joined by answer of the plaintiff, before *Fisk* was made a party garnishee, and consequently before interrogatories were propounded to him.

And it is also to be observed, that the interrogatories, the answers, and the traverse thereof, *are silent as to the title to the slave America*, and that the only *pleadings* in which the *title to this slave* was at issue, *were the petition* of intervention and the *answer* thereto.

Upon these pleadings, the judgment of the court was, that *the intervention* of *F. M. Fisk be dismissed*, and that he *pay the costs of the intervention*. This judgment did not determine the rights of the parties, but was one of *dismissal* or nonsuit, and cannot support the plea of *res judicata*. *Baudin* v. *Roliff*, 1 N. S. 165. Nor will the reasoning and opinion of the court upon a subject, on the evidence adduced before it, have the force and effect of the thing adjudged, unless the subject-matter be definitively disposed by the decree. *Pepper* v. *Dunlap*, 5 An. p. 200.

It is, therefore, ordered, adjudged and decreed, that the judgment be reversed, and the plea of *res judicata* be overruled, and the cause remanded to the lower court for further proceedings according to law, and that defendants pay the costs of this appeal.