ROGERS, J.
 

 This suit was instituted to an-' nul a judgment of divorce rendered in favor
 
 *431
 
 of relator and against the present plaintiff. After the evidence was adduced, and arguments-were presented, on behalf of the parties, the case was taken under advisement by the court. Subsequently, the district judge handed down a written opinion, at the close of which appears the following:
 

 “In view of the above reasons, there should be judgment annulling, avoiding, and setting aside the judgment herein attacked, and let there be judgment accordingly.
 

 “Thus done, read, and -signed in open court on this the 19th day of December, 1925.
 

 “J. F. Stephens, District Judge.”
 

 The decree was filed by the clerk of court in his records as the final and definitive judgment in said cause.
 

 After the rendition, reading, and signing of said judgment, defendant, through his counsel, in open court and in the presence of opposing counsel, moved for and was granted by the court suspensive and devolutive appeals to this court, returnable on or before February 8, 1925. The amount of the respective appeal bonds was duly fixed in the order granting the appeals. On December 26, 1925, the appeal bonds were accepted and filed by the clerk of the district court.
 

 It appears from the returns of the respondents, that at the time the opinion and decree was rendered and signed, counsel for all parties in interest were under the belief that it constituted a definitive judgment. Subsequently, however, counsel for plaintiff, concluding that he was in error in so believing, prepared what he conceived to be a proper judgment, which he presented in open court on December 28, 1925, and requested the district judge to correct the minutes and to sign said document. One of defendant’s counsel was in court at the time, and the district judge, understanding that it was satisfactory to counsel for both plaintiff and defendant, permitted the minutes to be corrected, and also signed the judgment prepared by counsel for plaintiff as of date the original opinion and decree was handed down.
 

 On January 4, 1926, relator filed a motion to strike out the purported corrected judgment, on the ground that, the appeals having been perfected, the court was without jurisdiction to render and sign said judgment. This motion was denied, and relator thereupon applied to this court for relief.
 

 Before answering to the merits of relator’s application, respondents excepted thereto on the ground that they were never served with the written notice required by rule 15 of this court. 136 La. xii. These exceptions must be overruled. By an order of court rendered on January 29; 1923, section I of rule 15 was amended so as to provide that the failure to give notice of intention to make application for an original writ, or a rule nisi, shall not of itself be a sufficient cause for dismissing the application or for recalling the rule. See amendments to rules of this court as published in 152 La. at page vii. No stay of proceedings is sought, or required, under the present application.
 

 On the merits, we think the case is with the relator. The concluding portion of the opinion of the district judge, which we have quoted supra, while not in the usual form, is, nevertheless, a definitive judgment. It was rendered, read, and signed in - open court by the judge, and it effectively decrees the nullity of the judgment attacked by the plaintiff. It was so understood by counsel representing the parties at the time it was rendered and signed, and appeals were immediately applied for and granted. These appeals were perfected in due course.
 

 The document which was subsequently prepared by counsel for plaintiff and signed by the judge, in addition to annulling the judgment attacked, reserves the paraphernal rights and claims of plaintiff against the community property and dismisses an intervention filed by the lady whom the defendant
 
 *433
 
 married after the rendition of the judgment of divorce. In these respects it enlarges the decree previously rendered. If a mistake occurred, or any error exists, in the • original decree, the remedy therefor, or correction thereof, must be sought in this court by the aggrieved party, by way of an appeal, or by an answer to the appeal. After granting the appeals herein, the district court was divested of jurisdiction of the cause, except for the purpose of testing the sufficiency or legality of the appeal bonds.
 

 For the reasons assigned, the rule nisi herein issued is made absolute, and, accordingly, it is now ordered that the respondent judge and the clerk of the Tenth judicial district court in and for the parish of Natchitoches be and they are hereby commanded and directed to rescind and annul the so-called corrected judgment referred to and complained of in relator’s petition, and to cancel said judgment and the minute entries covering the same from the records of said court; costs of these proceedings to be borne by the respondent, Mrs. Sarilla O. Spence.
 

 OVERTON, J., recused.