**DELAHOUSSAYE v. D. M. GLAZER & CO., INC., et al.***

No. 1871.

Court of Appeal of Louisiana. First Circuit.
June 14, 1938.

*Rehearing granted July 27, 1938.

M. R. Stewart, of Lake Charles, for appellant.

Pujo, Hardin & Porter, of Lake Charles, for appellees.

## LE BLANC, Judge.

This is a suit for compensation arising out of an alleged permanent total disability. The injury which plaintiff sustained was to his left hand and wrist and he avers that there resulted a total stiffness which renders him disabled to do work of any reasonable character. He alleges that he is not trained in any other kind of work than hard manual labor and that since the accident set out in his petition which caused his injury, he has been unable to pass a physical examination to do that kind of work. His demand is for compensation at the rate of $7.80 per week for a period not to exceed 400 weeks from August 10, 1937 less a credit of $70.20.

The defendants filed a joint answer in which all of the allegations of plaintiff's petition were put at issue and in which it is admitted that plaintiff did sustain a slight injury while in their employ from which he was incapacitated temporarily and that he was paid compensation during such incapacity and given all necessary medical attention. It is averred that plaintiff was discharged by the attending physician October 18, 1937 as being able to do light work and to earn as much as he was earning before the accident and that he was then advised to exercise his fingers. It is further alleged that plaintiff refused to cooperate with and follow the advice of his physician, and that if there is any stiffness in his fingers at this time it is the result of his own failure to have done so.

As thus put at issue the case went to trial in the district court and after the same was submitted the district judge handed down a written opinion expressing his views in full. This opinion concludes with an expression that the court "is of the opinion that a judgment *should* be rendered in favor of the plaintiff and against the defendants, in solido for compensation" at the rate prayed for for 6 months in addition to the amount already paid him and that plaintiff be tendered professional services by the defendants at their cost in order that proper treatment may be prescribed for the stiffness in his fingers. (Italics ours). The opinion closes with the following words: "Let judgment be rendered in accordance with these views." It is then dated and signed by the district judge.

Within the prescribed delay plaintiff filed a motion for a new trial which was overruled and on the same day he asked for and was granted an appeal to this court.

Other than the written reasons handed down by the district judge which we have just referred to, we find no other disposition of the case in the lower court. On the same day that they were handed down, the Clerk of Court made a minute entry in which it is stated that judgment was rendered for the plaintiff with the notation, "see written reasons." We take this entry together with the notation made by him to mean that the Clerk of Court construed the written reasons of the district judge as his judgment, because we find no judgment in the record nor do his minutes refer to any other.

It has frequently been held by the Supreme Court and the appellate courts of this state that the written reasons for judgment handed down by the court in a case does not constitute the judgment in that case unless the subject matter be definitely disposed of by the decree of the court. The reasoning and the opinion of the court, it has been held, does not have the force and effect of the thing adjudged and can not therefore be said to be the final judgment of the court. Fisk v. Parker, Sheriff, et al., 14 La.Ann. 491; Davis v. Millaudon, 17 La. Ann. 97, 87 Am.Dec. 517. In the case of Miller v. Morgan's La. & T. R. R. & S. S. Co., 1 La.App. 267, the court states, "The reasons for judgment or the opinion are not the judgment, although those reasons may bear the judge's signature." Numerous cases are then cited in support of the following annotation: "The reasons for judgment form no part of the judgment itself, though they may be consulted to explain an ambiguity. The thing adjudged will be found, not in the opinion pronounced, but the decree rendered."

With these statements of the law before us, we revert to the written reasons and opinion handed down by the district judge in this case, and giving it all the ef-

fect that we can, it is impossible for us to hold that it constitutes a judgment in this case. Although it states that judgment *should* be rendered in favor of the plaintiff to a certain extent and that he should be tendered the services of a physician, it condemns no one and decrees absolutely nothing. That the district judge himself did not consider what he signed as the judgment in the case is apparent from his closing statement to let judgment be rendered "in accordance with these views". In other words he refers to his written reasons himself as his views in the case, and nothing further having ever been done to enter such a judgment, it follows that the record stands without a final judgment from which an appeal could be taken.

It is the duty of the appellate court to take cognizance of the absence, in any case, of a signed judgment, on which only the appeal can be based, and for the lack of such judgment, the court will, ex proprio motu, dismiss the appeal. There is no doubt in our mind that in this case the appeal was prematurely taken and that it should be dismissed.

It is for the reasons herein stated now ordered, adjudged and decreed that the appeal herein be, and the same is hereby dismissed as having been prematurely taken. As the plaintiff who is the appellant is prosecuting his suit under the benefit of the pauper act it follows that there will be no costs taxed.

*Rehearing granted July 27, 1938.