## DELAHOUSSAYE v. D. M. GLAZER & CO., Inc., et al.

### No. 1944.

Court of Appeal of Louisiana. First Circuit.

Jan. 11, 1939.

For former opinion, see 182 So. 146.

M. R. Stewart, of Lake Charles, for appellant.

Pujo, Hardin & Porter, of Lake Charles, for appellees.

LE BLANC, Judge.

A re-hearing was granted from the former judgment rendered in this case by which the appeal was dismissed as having been prematurely taken. 182 So. 146. On resubmission counsel representing both sides entered into a stipulation to the effect that the written opinion which had been handed down and signed by the district judge was to be considered as a final judgment from which the appeal could be prosecuted and the case is now before us to be disposed of on the merits.

A fairly complete statement of the case was made in the former opinion herein handed down (182 So. 146) and it is unnecessary for us to restate it here. The judgment of the lower court awarded plaintiff six months' additional compensation and ordered the defendants to tender him treatment of his injured hand by a physician at a cost to them not to exceed $50.

The chief complaint of counsel for appellant with regard to the judgment of the lower court is that it did not award plaintiff compensation as for total permanent disability. It is suggested that the decree should have been for four hundred weeks' compensation with a qualifying provision that plaintiff be given further treatment of his hand and that upon his failure to take such treatment, compensation would cease until such time as he would comply with the judgment of the court. The case of Murphy v. B. Mutti, Inc., La.App., 166 So. 493, is cited as authority on which such a decree could be entered.

The authority cited reveals the case of an employee who had sustained a hernia as a result of an accident when in the course of his employment, from which the court concluded that he was completely disabled and would in all probability, remain so until successfully operated on. In the present case the testimony does not justify a holding of permanent disability. The

disability arises from the stiffened fingers of the left hand which could not be closed completely against the palm of the hand without the exertion of some pressure which produces a certain amount of pain. In the accident which caused his injury plaintiff sustained a fracture of one of the small bones of the wrist. The hand remained immobilized in a splint for about five weeks, and as is usual, the immobilization produced the stiffness which is now found in the fingers. Plaintiff was given the usual medical instructions in such cases to exercise his fingers and was told that work would help in restoring his hand to normal use. There seems to be no doubt from all the medical testimony adduced that had plaintiff followed the instructions given to him he would long ago have recovered entirely from the effects of the injury. He appears however to be of the non-cooperative type and his failure in that respect has caused the condition to remain the same as it was although the doctor who attended him at the time testified that he found some improvement on the day the case was being tried.

The preponderance of the testimony however is that with proper treatment the stiffness in the fingers should disappear and the disability should not continue longer than six months thereafter. One of plaintiff's own witnesses, Dr. H. B. White, testified to that effect. Dr. Walter Moss, who has had an unusual number of such cases under observation during his several years' experience at the Charity Hospital in New Orleans, is of the opinion that under proper direction by a physician as how to manipulate his hand he should recover its full use in from one to three months time.

Under the facts found we think that the district judge was correct in ordering treatment and limiting compensation for an additional six months. The case in our opinion is not one which comes under those provisions of the statute as construed in the case of Barr v. Davis Brothers Lumber Co., 183 La. 1013, 165 So. 185, and others of that class relied on by counsel for plaintiff. In those cases because of the nature of the disability found, the court held that it had to be governed by the general provision of the statute as amended by Act No. 242 of 1928, p. 357, paragraphs (a), (b) and (c), Subsection 1 of Section 8. In the present case, on the facts presented, we think that the provisions of Subsection 8 of Section 8 of the Act, p. 362, which gives the court a certain amount of discretion in fixing the period of compensation are applicable. The Subsection reads as follows: "For injury producing temporary total or temporary partial disability the Court, may in its discretion, award compensation for a fixed number of weeks to be based upon the probable duration of such disability."

We take that provision to mean that where the court can reasonably satisfy itself of the probable period of time during which the disability will continue, whether total or partial, it can exercise its discretion as did the lower court in this case, in awarding compensation for a specified number of weeks.

By the fact that plaintiff took this appeal we surmise that he has not taken the treatment ordered in the judgment below. We have no way of knowing whether there has been any further improvement in his condition but we assume that any improvement will only begin with treatment and therefore we find it necessary to revise and amend the judgment so as to extend the award for compensation to the period of six months from the date on which the judgment of this court will become final. So that there will be no misunderstanding, we deem it proper to revise and recast the decree and for these reasons,

It is ordered that there be judgment herein in favor of the plaintiff, John Delahoussaye and against the defendants D. M. Glazer and Co., Inc., and Commercial Bonding Warehouse, Inc., condemning them, in solido, to pay compensation to the plaintiff at the rate of $7.80 per week, subject however to a credit of $70.20 already paid, from the date of the injury, August 10, 1937, to a period extending six months from the date on which this judgment becomes final and that the defendants tender to the plaintiff, at their costs and expense not to exceed the sum of $50, the professional services of a physician of his own choosing for prescribing proper treatment for the stiffness in his fingers. Upon plaintiff's failure to accept such treatment and to cooperate with the physician payment of the compensation herein decreed for, to stop at once.

Defendant appellees to pay all costs of this proceeding.