## HESTER v. INDUSTRIAL LUMBER CO., Inc.

### No. 1941.

Court of Appeal of Louisiana. First Circuit.

Jan. 11, 1939.

Julius T. Long, of Shreveport, for appellant.

Gist & Thornton, of Alexandria, for appellee.

Le BLANC, Judge.

This is a suit for compensation in which the demand is for the full period of four hundred weeks at the rate of $7.95 per week, less payments made from February 19, 1937, the date of the injury, to November 27, 1937, the date on which plaintiff was discharged by the physician who attended him as being able to resume work, and the defendant stopped making any further payment.

Plaintiff alleges that he was employed by the defendant in clearing a right of way for a log road or tramway and while at work sustained an injury on February 19, 1937 when a limb about four inches in diameter and four feet long fell out of a tree from a height of about fifty feet and struck him on the lower right leg, fracturing some of the bones and seriously and permanently impairing them as well as the nerves, blood vessels, muscles and ligaments from the knee to the ankle. He alleges that as a result of his said injury he has been permanently and totally disabled to do work of any reasonable character and hence is entitled to the compensation prayed for.

There is no dispute about plaintiff having sustained an injury, as indeed he was paid compensation as already stated. The defense is that at the time the last payment was made, on November 29, 1937, plaintiff had already completely recovered from his injury and was able to return to work.

On the testimony presented to him the district judge concluded that plaintiff's injury has resulted in producing temporary partial disability which he fixed at 50% and, exercising the discretion which the statute, Act No. 242 of 1928, p. 362, subsection 8 of Section 8, granted him, he awarded compensation for a period of thirty weeks in addition to what had already been paid. From a judgment so decreeing, plaintiff has appealed. Defendant, while still maintaining that plaintiff has been paid all compensation he was entitled to, has not answered the appeal and in brief filed by its counsel, expresses its willingness to abide by the judgment rendered below.

That section of the statute which gives the court a certain amount of discretion in these cases as just stated, reads as follows:

"For injury producing temporary total or temporary partial disability the Court, may in its discretion, award compensation for a fixed number of weeks to be based upon the probable duration of such disability."

The question before us therefore is whether the court below properly exercised its discretion or not.

Plaintiff testified concerning his injury and states that he suffers pain in his thigh on down whenever he starts to pick up anything. He says that he is bothered in walking and always feels a tingling sensation in the nerves. Outside of doing a little work in his garden he has done nothing because of the pain he suffers. He testifies having sought employment once since he was injured but was turned down, the inference being that he was a bad industrial risk. He says that he has a lack of sensation from his toes to about midway his leg which was proven by tests made on him.

Two doctors testified on his behalf; one of them, Dr. H. R. Officer of Sugartown, Louisiana and the other, Dr. R. L. Love of De Ridder, Louisiana. Both are of the opinion that plaintiff's injury has left him in a condition where he is unable to do any hard manual labor. They are reasonably certain that he is suffering from varicose veins in his leg at the point of the injury and that he has some nerve involvement which causes the lack of sensation which he describes and which they are positive exists. Dr. Love found that the injured leg was from one-half to three-quarters of an inch shorter than the other. He has had experience in examining men for industrial work and states that he would not pass or recommend the plaintiff for any job requiring hard labor.

The defendant produced four doctors as witnesses. These were Dr. Saint, who attended the plaintiff at the time he was injured, Dr. R. G. Holcombe and Dr. McKinney of Lake Charles, and Dr. Rand of Alexandria. Whilst these doctors differ with respect to the varicose veins and the lack of reflexes testified to by Drs. Officer and Love, we take their testimony to coincide to some extent with regard to the impairment of the leg resulting from a misalignment of the bone at the point of fracture. Whilst they disagree as to the condition which the other doctors are positive is varicose veins they admit that there is some injury to the sheaf around the muscles. This accounts, they say, for the bulging which the other doctors say are varicose veins. On rebuttal Drs. Officer and Love conducted some test which they say confirmed their diagnosis of varicose veins. Dr. Holcombe refused to concur in their findings on the test as made.

Whilst Dr. Saint seems to be of the opinion that the plaintiff has no impairment which prevents him from doing a full day's hard work, the impression we get from the testimony of Dr. Holcombe and Dr. Rand is that there is a certain amount of disability existing. Dr. Holcombe fixes it at about 10%. Dr. Rand expressed no degree but referred to it as small and activity being limited temporarily.

Under the evidence produced it would appear that the district judge properly held that plaintiff's was a case of partial disability. We think however that the testimony does not warrant the holding that it is temporary and consequently the district judge erred in applying that provision of the statute which gives the court discretion in awarding compensation for a fixed number of weeks. His estimate of 50% disability seems to be more or less an arbitrary figure set by him which may or may not be correct. It is true that Dr. Holcombe placed it as low as 10% but he is the only one of the doctors who expressed it in figures. The two who testified on behalf of plaintiff certainly were of the opinion that as far as hard manual labor was concerned, the disability was total.

But the more serious point, as it occurs to us, in considering the case in connection with that provision of the statute under which the court awarded compensation for thirty weeks, is that there is no testimony whatever, as far as we can find, which establishes the probable duration of the disability. That to us, is the important provision in the section of the statute which we have quoted herein.

■ In the case of Delahoussaye v. D. M. Glazer & Co., Inc., et al., 185 So. 644, this day decided by us, we upheld the judgment of the district court insofar as it awarded six months' additional compensation, on the ground that the testimony was convincing that within that period, with proper treatment, the disability would disappear. The difference in this case is, as already indicated, that there is no testimony whatever before the court on which it could reasonably establish the probable duration of the disability, which in fact is the necessary base on which compensation can be awarded for a definite number of weeks. In fixing that number at thirty, the district judge again had to use an arbitrary figure with no evidence to support it, which we conclude was error on his part.

■ In our opinion the testimony in this case justifies the holding that it has to be governed by that line of jurisprudence established in the cases of Barr v. Davis Brothers Lumber Co., 183 La. 1013, 165 So. 185, McGruder v. Service Drayage Co., 183 La. 75, 162 So. 806, and others which followed those two decisions. As plaintiff is found to be partially disabled to do the same kind of work which he was accustomed to do, his compensation has to be fixed under one of the general provisions of the statute, that is, paragraph (c) of Subsection 1, of Section 8 of the Compensation Act as amended by Act No. 242 of 1928, p. 357, under which the period is not to exceed three hundred weeks.

For the reasons stated, it is therefore ordered that the judgment appealed from

be and the same is hereby reversed, annulled and set aside and it is now ordered that there be judgment herein in favor of the plaintiff and against the defendant awarding the said plaintiff compensation at the rate of $7.95 per week for a period not to exceed three hundred weeks from February 19, 1937, less the amounts already paid from February 19, 1937 to November 29, 1937, and fixing the fees of the experts who testified on behalf of the plaintiff at $20 each. All costs to be paid by the defendant, appellee herein.