## LEDAY v. LAKE CHARLES PIPE & SUPPLY CO.

### No. 1945.

Court of Appeal of Louisiana. First Circuit.

Jan. 11, 1939.

For former opinion, see 182 So. 148.

M. R. Stewart, of Lake Charles, for appellant.

S. W. Plauché, of Lake Charles, for appellee.

OTT, Judge.

The appeal in this case was dismissed by us on our own motion as having been prematurely taken. We were of the opinion that the reasons for judgment signed by the trial judge did not constitute such a final judgment as to serve as the basis of an appeal, in the absence of a formal, signed judgment based on these reasons for judgment. La.App., 182 So. 148.

The rehearing was granted in order to reconsider our action in dismissing the appeal, on the strength of a ruling by the Supreme Court on the question of when written reasons signed by the trial judge will support an appeal as a final judgment, cit-

ed in the application for a rehearing. Spence v. Spence, 160 La. 430, 107 So. 294. But it becomes unnecessary for us to determine in this case whether or not the reasons for judgment signed by the trial judge constitute a final judgment, as counsel on both sides entered into a stipulation when the case came up on the rehearing that the reasons for judgment were to be considered as a final judgment, and the case was thereupon re-argued and re-submitted on its merits. We will therefore re-instate the appeal and consider the case on the merits as though the appeal had not been dismissed.

The suit is for compensation for total permanent disability for a period not exceeding 400 weeks at $7.80 per week on account of an injury plaintiff claims to have sustained to the index finger of his right hand on June 2, 1937, while he was cutting iron and steel from old wrecked cars with shears and while in the employ of defendant. The plaintiff is a manual laborer, accustomed to hard work, and is without education sufficient to enable him to engage in any kind of work other than hard manual labor. He claims that the injury to his finger caused it to become stiff and that he suffers pains in his right arm and shoulder when his finger comes in contact with any hard substance. He alleges that the defendant through its insurance company, paid compensation for 9 weeks at $7.80 per week, but refuses to pay any further compensation.

Defendant admits that plaintiff sustained an injury to his finger while in its employ, but alleges that the injury was confined to the first phalanx of the index finger of the right hand, and that the injury necessitated the amputation of said phalanx, which was done, and the wound and injury have completely healed, without any present disability. Defendant further alleged that in addition to the compensation paid plaintiff, it had offered him compensation up to August 26, 1937, which was refused.

During the trial of the case, and after three doctors had testified that plaintiff was incapacitated from doing manual labor, but that an amputation of this finger would enable him to do the type of labor he had done before the injury, defendant in open court tendered an operation to plaintiff for this purpose, and agreed to pay the expenses of same, and also offered to pay compensation for 30 weeks for the loss of the finger, less the amount already paid. Plaintiff refused the tender.

The trial court rendered judgment requiring plaintiff to submit to an amputation of his right index finger between the first and second joints, the operation to be performed by a doctor of plaintiff's own choosing, and at the expense of defendant, and on the failure of plaintiff to submit to the operation, compensation to cease. It was further provided in the judgment that in case plaintiff submits to the operation, then defendant is ordered to pay compensation for 30 weeks beginning from the date of the operation. No credit was allowed for the amount already paid for 9 weeks' compensation. Plaintiff has appealed, and the defendant has answered the appeal asking that plaintiff's claim be rejected in toto, and in the alternative that the judgment be amended by allowing credit for the amount already paid.

■ The decided preponderance of the medical testimony is to the effect that plaintiff was not able to do hard work, the kind he was doing when injured, because of a tenderness on the distal end of the index finger where amputation was made, and because of stiffness in the right hand. From the medical testimony it does not appear certain that plaintiff will be able to do this kind of work unless this finger is amputated between the first and second joints. But the medical testimony is almost unanimously to the effect that disability would be entirely relieved by the operation.

Under this situation, the plaintiff is entitled to compensation for total disability so long as he is disabled to perform the kind of work for which he is fitted, not to exceed, of course, 400 weeks. This is clearly the holding of the Supreme Court in the cases of McGruder v. Service Drayage Co., Inc., 183 La. 75, 162 So. 806, and Barr v. Davis Bros. Lumber Co. Ltd., 183 La. 1013, 165 So. 185. Plaintiff is suing for compensation on account of his loss of capacity to work under Section 8, subsection 1, paragraph (b), Act No. 242 of 1928, p. 357, and not for the loss of a finger. Being incapacitated from work, his compensation should be fixed at $7.80 per week from the date of the injury to continue as long as the total disability continues, not to exceed 400 weeks, subject to a credit for the amount paid. Schneider v. Travelers Ins. Co. et al., La.App., 172 So. 580.

■ The most serious question presented is whether or not plaintiff should be required to submit to the amputation of his right index finger, and thus relieve the disability and minimize the damage. Our jurisprudence is well settled that an employee cannot be required to submit to an operation to relieve a disability where the medical testimony shows that the operation will be accompanied by great pain and may seriously endanger life, or where there is doubt as to the removal of the disability by the operation. In such a case the employee is not required to endanger his life or gamble with his chance of recovery by submitting to a dangerous and uncertain operation. But where the medical testimony shows, as it does in this case, that the operation is a minor one, unattended by danger of any serious consequences, with little pain and suffering, and with almost a certainty of success and relief from the disability, it would be unfair and inequitable for plaintiff to continue to draw full compensation when he has it within his power to minimize the damage by submitting to a minor and relatively simple operation. See Crawford v. Tampa Inter-Ocean S. S. Company, Inc., La.App., 155 So. 409, and cases there cited; also Murphy v. Mutti, Inc., et al., La.App., 166 So. 493.

■ The defendant did not offer the operation until after suit was filed and the case had gone to trial, but, on the contrary, it denied liability and refused to pay further compensation on the ground that plaintiff was no longer disabled, or at least that he was not totally disabled. Plaintiff was not required to accept the operation at the time and under the conditions that it was offered —that is that he receive payment for only 30 weeks, regardless of how long the disability may last.

For the reasons assigned, it is ordered that the judgment be amended by allowing plaintiff compensation at the rate of $7.80 per week for a period not exceeding 400 weeks, beginning June 2, 1937, with legal interest on the respective payments from their due date until paid, subject to a credit of $70.20; defendant to pay the cost of the suit.

■ It is further ordered, adjudged and decreed that, within a period of thirty days from the date on which this judgment becomes final, the said plaintiff is required to submit to an operation for the amputation of the index finger on his right hand between the first and second joints by a doctor of his own choosing and at the expense of the defendant; that on the refusal of the plaintiff to submit to such operation within said time, and without reasonable

grounds for such refusal, then compensation hereunder is to cease after the expiration of said thirty days; with further provision that, any time after the expiration of said thirty days, the defendant is given the right to show that by reason of said operation, or otherwise, the plaintiff's disability no longer exists, and compensation should cease.