### JOHNSON v. HILLYER, DEUTSCH, EDWARDS, Inc.

#### No. 1939.

Court of Appeal of Louisiana. First Circuit.

Feb. 15, 1939.

For former opinion, see 185 So. 652.

Julius T. Long, of Shreveport, for appellant.

Cline, Thompson, Lawes & Cavanaugh, of Lake Charles, for appellee.

PER CURIAM.

One of the grounds urged in the application for a rehearing is that the court erred in not dismissing the appeal on its own motion for the reason that a final and definitive judgment was never signed by the trial court.

The concluding part of the written reasons for judgment assigned by the trial judge reads as follows:

"The court, therefore, after a very careful consideration of the record in this case, has reached the conclusion that the plaintiff has failed to prove his cause of action by that preponderance of evidence and with that degree of legal certainty that is required by law, and hence is of the opinion

*Writ of certiorari denied by Supreme Court April 3, 1939.

that the plaintiff's demand should be rejected.

"Let judgment be rendered accordingly."

Then follows the date and place of signing, together with the signature of the judge in his official capacity.

The plaintiff asked for and was granted an appeal from this judgment in open court in Allen Parish on April 11, 1938. The record was filed in this court on May 2, 1938, and the case was argued, submitted and briefs filed in this court at the December, 1938, session at Lake Charles. Our decree was handed down on January 11, 1939, reversing the judgment of the lower court and rendering judgment in favor of the plaintiff. 185 So. 652.

At no time up to the rendition of our decree on the appeal was any objection made by counsel on either side that there was no final, signed judgment. We therefore take it that all parties considered the concluding part of the written reasons signed by the judge as a final judgment; the appellant urging the reversal of the judgment, and the appellee asking for its affirmance.

The suit was filed, tried and submitted in Allen Parish, and the minutes of the court in Calcasieu Parish under date of March 19, 1938, after giving the number and title of the case recite: "From Allen Parish. This case having been submitted and taken under advisement, the court now renders judgment for defendant. (See written·reasons.)" From this extract of the minutes, we must assume that the judgment was rendered in open court in Calcasieu Parish after the case had been tried and·submitted in Allen Parish. This procedure is permitted under Section 2 of Act 94 of 1898. See Spiller v. Spiller, 170 La. 813, 129 So. 212.

It will thus be seen that all parties have considered the signed, written reasons of the trial judge as a final judgment up to this time, both sides appearing. before this court either in defense of the judgment or for the purpose of having it set aside. In the case of Spence v. Spence, 160 La. 430, 107 So. 294, the trial judge gave written reasons for judgment which concluded as follows: "In view of the above reasons, there should be judgment annulling, avoiding, and setting aside the judgment herein attacked, and let there be judgment accordingly."

An appeal was taken from the above judgment, and both sides considered the concluding part of the reasons for judgment as a final judgment. The judgment was signed in open court, and the appeal was perfected by the giving of a bond. The Supreme Court held that the language used was sufficiently definite to constitute a definitive judgment and serve as the basis for an appeal, particularly as all parties had considered the judgment as final. The concluding part of the reasons for judgment signed by the trial judge in the present case is even more certain and specific than that in the cited case, and all parties considered it a final judgment up to the very time that an opinion was handed down on the appeal. We therefore conclude that there was before us on the appeal a final and appealable judgment.

It was on the strength of the case of Spence v. Spence, supra, that we granted a rehearing in the two cases of Delahoussaye v. D. M. Glazer & Co., Inc., et al., 182 So. 146 (see, also, Id., 185 So. 644), and Leday v. Lake Charles Pipe & Supply Company, Inc., 182 So. 148 (also on rehearing, 185 So. 655). But on the rehearing, counsel in both of those cases entered into a stipulation that the signed reasons for judgment should be considered as a final judgment. The language used in concluding the reasons for judgment of both of those cases was very similar to the language used in the concluding part of the reasons for judgment in the present case. But, in view of the stipulations made in those two cases, we never passed finally on the question.

In a subsequent case, Spector v. Union City Transfer,. 182 So. 524, 525, we dismissed an appeal on our own motion, one of the grounds therefor being that there, was no final judgment signed by the trial judge. The closing portion of the written reasons for judgment in that case stated that a "judgment will be signed in accordance with these views when presented." We held in that case that the expression in the written reasons that a judgment would be signed when presented clearly indicated that it was contemplated that a final judgment was to be signed. The judge could not have intended, nor could the parties have thought, that these reasons were to be a final judgment.

We have given. consideration for a rehearing on the merits, and we remain convinced of the correctness of our opinion and decree.

For the reasons assigned, the application for a rehearing is refused.