## BURNS v. DE BAKEY.
### No. 1946.

Court of Appeal of Louisiana. First Circuit.
Feb. 15, 1939.

McCoy, King & Jones and Griffin T. Hawkins, all of Lake Charles, for appellant.

S. W. Plauche, of Lake Charles, for appellee.

DORE, Judge.

Plaintiff instituted this suit against defendant as the testamentary executor of the estate of her deceased husband, claiming to be the owner in her own right and entitled to the immediate possession of certain articles of household goods and furnishings which are in the possession of the defendant in his official capacity, and also claiming certain movable properties as belonging to her minor child.

In his answer the defendant admits that in his official capacity he is in constructive possession of the property described in the petition, and admits that certain articles described therein belong to the plaintiff, and also admits the allegation with reference to all articles described in the petition as belonging to the minor, but denies that any of the other articles or property described in her petition belong to her.

In further answer, he alleges that the plaintiff and her deceased husband were judicially separated by judgment dated June 19, 1937, and that after the said judgment of separation from bed and board the parties entered into an amicable division and settlement of the community property, included in which were the articles or property claimed by plaintiff and denied by defendant herein.

Upon trial, there was judgment in favor of plaintiff, decreeing her to be the owner of a portion of the property claimed and rejecting her demand as to certain articles or items. Thereafter, the defendant filed a motion for a new trial on the ground of alleged newly discovered evidence, which motion was overruled. Defendant has appealed, and plaintiff has answered the appeal praying that the judgment be amended by including amongst the articles decreed to belong to her one lacquered tray.

■ The defendant has called to our attention the concluding paragraph of the opinion of the district judge which reads as follows: "Let judgment be rendered in accordance with these views." This decree was filed by the clerk of the court in his record as the final and definitive judgment in said cause. The defendant moved for and was granted a suspensive appeal to this court; the amount of the bond was fixed and the defendant furnished the same; the case was argued and submitted by both parties in this court. The concluding portion of the opinion of the district judge, which we have quoted supra, while not in form, was nevertheless read, rendered and signed in open court by the judge, and it passes upon all issues in the case. It was understood by counsel representing the parties at the time it was rendered and signed as a definitive judgment. We do not feel justified in dismissing the appeal on our own motion. See Spence v. Spence, 160 La. 430, 107 So. 294.

It appears that plaintiff and the deceased were married on November 29, 1933 and established their domicil in the Parish of Tangipahoa. It appears further that on April 23, 1934, a trial was had in chambers which resulted in a decree by the District Judge of Tangipahoa Parish of separation from bed and board in favor of the deceased. Plaintiff and the deceased apparently lived separate and apart for a short time, and became reconciled during the year 1934. Plaintiff and deceased then moved to the City of Lake Charles, Calcasieu Parish, during the first part of 1935, where they continued to live together as husband and wife, as expressed by defendant's counsel, "with a more or less turbulent voyage on the matrimonial sea." It appears that on February 12, 1937, the reason thereof not being explained, another consent judgment in chambers was rendered by the District Judge for the Parish of Tangipahoa in favor of plaintiff and against the deceased, annulling, rescinding and setting aside the former judgment of separation rendered and signed on April 23, 1934, and reinstating the community of acquets and gains. On June 19, 1937, a judgment of separation from bed and board was rendered by the District Judge for the Parish of Calcasieu. On the same day the parties entered into an agreement settling the community of acquets and gains, wherein plaintiff, for a valuable consideration, sold all of her rights, title and interest in and to any property of whatsover nature or kind, wheresoever situated, real, personal and mixed, comprising the community. Plaintiff and deceased lived separate and apart thereafter. The decedent died in the first part of 1938, and defendant was appointed and qualified as executor of his estate.

Among the articles claimed by the plaintiff, the ownership of which was denied by the defendant in his answer, there are some which the lower court decreed belonged to her by virtue of her acquisition prior to her marriage. Since this portion

of the decree is not contested by the defendant we need not discuss the particular articles involved therein.

However, the following articles of property are in contest:

(a) One Oriental Runner, given to the plaintiff by a Mrs. Foltz of Baton Rouge, La.

(b) Articles plaintiff claims were donated to her by her husband during the period from April 23, 1934, to February 12, 1937: One after dinner coffee set, gold encrusted; one crystal cut glass bowl; one complete set of china, service for eight; eight crystal sherbet glasses, eight wine glasses, eight cocktail glasses, eight salt glasses and eight tea custers; one stainless steel cooker; one electric mixer; one electric iron; one electric stove; one lace tablecloth; one silver covered vegetable dish; one green and white blanket; six Bavarian after dinner cups and saucers.

(c) Articles which she claims to have been purchased by her between the purported judgment of separation of April 23, 1934, and the judgment of revocation of February 12, 1937: One bridge set; one lacquered tray; various cooking utensils.

We shall treat the articles in the order in which they are listed above.

■ The plaintiff testified that a Mrs. Foltz gave her the oriental runner as a present. She is not contradicted in any manner in her testimony relative thereto. In order that this article could be classified as community property it would be necessary for it to have been given to both the husband and wife, because Article 2402 of the Civil Code provides that it is only when property is given to both spouses that it shall fall into the community. The lower court properly allowed this item.

■ The plaintiff has testified that the articles listed under (b) were all given to her by her deceased husband, either as Christmas, anniversary and birthday presents, or gifts for reconciliations—there appearing to have been many of the latter. She is not contradicted in her testimony relative thereto. These articles became her individual property under the plain provisions of the Civil Code defining manual gifts of movables, Civil Code, Art. 1539, and the power of one of the married couple to give, during the marriage, to the other, in full property, all that he or she might give to a stranger. Civil Code, Art.

1746. There is no evidence in the record that the deceased ever revoked these donations.

■ It is the contention of the defendant that the deceased could not give to his wife, plaintiff herein, any of the community property, and that Article 1539 does not apply to the situation herein. He has failed to cite any authority for his contention, and we have failed to find any, after diligent search. The husband, being the head and master of the community, can alienate the community property by any title; and whenever he makes a gratuitous conveyance of movables belonging to the community, the wife alone may complain of such transfer. First State Bank & Trust Co. v. Brown, et al., La.App., 150 So. 86. In the cited case, this court decided that the manual gift by the husband of an automobile belonging to the community was valid, and we therein reviewed further the jurisprudence affecting the manual gift between the spouses. We can find no error in our former decision.

■ In the instant case, there is no evidence showing that the rights of any creditors are involved and that the said donations were made fraudulently by the husband to his wife; the mere statement in defendant's brief that the estate is insolvent is not sufficient.

We are therefore of the opinion that the trial judge correctly held that these articles rightfully belonged to the plaintiff and not to the estate of the decedent.

We now pass to the items included in (c). It is the contention of the plaintiff that since these were acquired between the purported judgment of separation of April, 1934, and the judgment of revocation of said judgment of February, 1937, they are her separate property. The defendant contends that the judgment of April, 1934, being a consent judgment of separation, later decreed to be a nullity, had no effect on the community and that therefore these items are community property belonging to the estate of the decedent by virtue of the act of transfer of plaintiff's community rights executed by her on June 19, 1937.

■■ The decree of April, 1934, shows on its face that it was a consent decree entered into by and between the husband and wife and rendered in chambers. Obviously, such a decree is not permissible under the laws of this State and is therefore null, void and of no effect. The wife,

the plaintiff herein, instituted a suit to have the decree anulled, and obtained a judgment in February, 1937, annulling the decree. Even had she not done so, it was subject to attack at any time by either party. It had produced no effect, and the judgment of February, 1937, certainly had the effect of forever avoiding and setting it aside. It is therefore our conclusion that the community of acquets and gains, not having been legally dissolved, continued until the judgment of separation from bed and board of June 19, 1937, and that the said items were community property and passed to the deceased by virtue of the aforementioned sale by plaintiff.

It is our conclusion that the judgment is correct in so far as it failed to grant unto plaintiff the lacquered tray, and that it is erroneous in so far as it decreed the plaintiff to be the owner of the bridge set and the various cooking utensils, and the judgment should therefore be amended accordingly. We notice, however, that the value of these articles do not exceed the sum of ten dollars in accordance with the undisputed testimony of plaintiff, and under the doctrine of "de minimis non curat lex" the cost of this appeal will be borne by the appellant.

The conclusion we have reached as to these articles or items dispenses us from passing upon the motion for a new trial urged by the defendant.

For these reasons, it is ordered that the judgment appealed from be amended by disallowing the plaintiff the bridge set and the various cooking utensils, and as thus amended the judgment is affirmed.