Rufus Allen, Lee A. Allen and Annie Lee Allen, three of the plaintiffs in this suit, alleged they were the owners of the following described property in indivision: Beginning at southeast corner of Lot 15, Dillard Place Subdivision, run west along south line of Lot 15, 153.3 feet to a point, thence north parallel with Hamilton Road 114.6 feet to a point, thence east parallel with south line of Lot 15, 153.3 feet to the west right-of-way line of Hamilton Oil Mill Road, thence south along the said right-of-way 114.6 feet to point of beginning, all being in Lot 15, Dillard Place Subdivision, Bossier City, Bossier Parish, Louisiana, less the portion thereof sold by said three named petitioners to the other petitioner herein, Eliza Bryant, by deed filed for record in the office of the clerk of court of Bossier Parish, Louisiana, on September 12, 1939, and recorded in Volume 105, page 630, Conveyance Records of said parish, which deed is hereby made a part hereof by reference.
They alleged they acquired said property by inheritance from their parents, Albert Allen and Lizzie Lee Allen, who they alleged acquired same from Daniel P. Batchelor by deed of date January 21, 1918, and that Batchelor acquired said property through mesne conveyances from the United States Government.
Plaintiffs further alleged that Eliza Bryant, the other plaintiff, acquired from the first three named plaintiffs by deed dated September 7, 1939, a portion of said above-described property to-wit: "A strip of land 40 feet wide and 120 feet deep off the south side of the following described property, to-wit: Two acres off the south side of Lot 15 of the Dillard Place Subdivision of Bossier City, Bossier Parish, Louisiana, as per map in Book 32, Page 534, Records of Bossier Parish, Louisiana, the two acres is (are) to run across the entire south side from one side to the other, and to contain enough land to make two acres, lying along the South boundary of Lot 15, Dillard Subdivision, * * *".
That they are and have been in full and actual possession of the portions of the property above set out as belonging to each of them ever since their acquisition of same and were in actual possession on the 21st day of June, 1940, when Pat Sullivan, defendant herein, disturbed their peaceful possession by pretending to be owner of the whole of said above-described property and attempted to eject them and each of them from their property by having the sheriff of Bossier Parish to serve notice on them to vacate the property and surrender it to the said Sullivan.
Plaintiffs further alleged that by said act of defendant they have suffered a real disturbance in fact and that less than a year has elapsed since said disturbance occurred.
They alleged their right to be maintained in peaceable possession of the property and the necessity for an injunction to prevent further disturbance. They prayed for a rule nisi ordering both the sheriff of Bossier Parish and Sullivan to show cause why a preliminary injunction should not issue restraining them from in any way interfering with the peaceable possession of plaintiffs. They prayed finally for a permanent injunction after trial on the merits.
The rule nisi was issued as ordered by the court and on the day fixed for trial thereof counsel for defendants agreed to the issuance of the preliminary injunction without prejudice to defendants' rights on trial of the case on its merits. Judgment to that effect was read and signed.
Defendant Sullivan answered admitting chain of title into Albert Allen as alleged by plaintiffs and admitting the act of disturbance alleged by plaintiffs. He admitted the actual possession by plaintiffs as alleged by them and that they had been in quiet and peaceable possession for more than a year prior to the disturbance by virtue of their respective titles. He then alleged that on May 24, 1939, Rosie Allen, surviving spouse of Albert Allen, qualified as administratrix of the succession of Albert Allen and that the property of said *Page 390 
succession was ordered sold and was advertised for sale; that by agreement of counsel for Rosie Allen and counsel for the three plaintiffs herein, who were the children of Albert Allen by a former marriage, the advertisement was withdrawn for the purpose of attempting to reach an amicable settlement between the three plaintiff children of the former marriage, during which time the property is alleged to have been acquired, and the surviving widow of the second marriage, Rosie Allen. That no agreement was reached and the property was readvertised and sold and adjudicated to defendant Pat Sullivan.
Sullivan further alleged he had lost and would continue to lose $8 per week in rents and revenues as long as he was deprived of the possession of the property and prayed for the demands of plaintiffs to be rejected; that he be decreed the true and lawful owner of the property and for judgment in the sum of $8 per week from June 21, 1940, until possession is surrendered to him by plaintiffs.
Defendants' answer was filed September 9, 1940. The minutes of the court show the case was set for trial on January 13, 1941, for February 10, 1941. Apparently the fixing was upset for on September 9, 1941, the minutes show the case was again set for trial for September 12, 1941.
On that day the case was called and disposed of and the judgment signed on September 12, 1941, shows that plaintiffs failed to appear in person or through counsel and that defendants made due proof of their demands. Accordingly there was judgment for Pat Sullivan dissolving the preliminary injunction and rejecting plaintiffs' demands for a permanent injunction. It also decreed that Pat Sullivan be sent into full and permanent possession of all the described property. It also awarded Pat Sullivan judgment against Rufus Allen, Lee A. Allen and Annie Lee Allen, in solido, in the sum of $300 damages for the wrongful issuance of the temporary restraining order and temporary injunction and for all costs of the suit.
On October 23d following counsel for plaintiffs presented to the court a motion suggesting to the court that the case had been fixed and tried without the knowledge of plaintiffs or their counsel. On this motion the court ordered defendant to show cause on October 31, 1941, why the judgment should not be set aside and the case fixed for trial on its merits. It also restrained defendant from executing the judgment rendered and signed on September 12, 1941, until a hearing was had on the motion.
Defendant filed an exception of no cause or right of action to the motion. He then answered alleging that counsel for plaintiffs was duly notified by letter on September 9, 1941, that the case had been set for trial for September 12, 1941; and that said letter was sent by registered mail, a copy of which was attached. The letter was addressed to "R.H. Lee, Asst. Attorney General, State of Louisiana, Baton Rouge, Louisiana" and the receipt attached shows the letter to have been received by Olive Emery, agent for R.H. Lee, on September 11, 1941. Evidence was heard on the motion and it was submitted on briefs to be filed.
On December 11, 1941, the minutes of the court show the following: "Judgment is set aside. The case is set for trial on January 15, 1942." There is also a minute entry on March 23, 1942, as follows: "Judgment is set aside. The case is set for trial on Monday April 13, 1942." The minutes fail to show that any formal judgment was signed and the record contains no such document.
On April 7, 1942, defendant filed a motion for a new trial and the minutes show it to have been overruled on April 13, 1942, and on April 27th on oral motion defendant was granted a suspensive and devolutive appeal to this court. He perfected a devolutive appeal.
Appellee contends here that the appeal should be dismissed for the reason the ruling of the lower court was only an interlocutory decree and no irreparable damage could be caused appellant by the ruling; that he still has his day in court to have his case tried on the merits.
Code of Practice, Article 566 provides, "One may likewise appeal from all interlocutory judgments, when such judgment may cause him an irreparable [damage or] injury."
No irreparable injury can be caused appellant by the ruling of the lower court. He has not been deprived of anything he possessed before the ruling. He has alleged his damages in money for the failure of appellees to give him possession and definitely fixed the amount at $8 per week. Therefore, by his allegations he has taken his damages or injury out of the class of *Page 391 
injuries which are irreparable. Certainly the ruling of the lower court is not a final judgment from which appeals are allowed under Article 565 of the Code of Practice. However, if it were appellant could not have any standing in this court for there was never a formal judgment read and signed by the lower court. The only evidence of the court's ruling is in the minute entry made by the clerk.
Although we might be convinced that the ruling of the lower court on the motion is correct, it would be dehors our jurisdiction to pass on the question for the appeal of the case is not before us. The appeal will have to be dismissed at appellants' cost and it is so ordered and decreed.
TALIAFERRO and HAMITER, JJ., concur.