GLADNEY, Judge ad hoc.
This suit presents an appeal from a judgment sustaining an exception of no cause or right of action and a plea of prematurity which had the effect of dismissing plaintiff’s suit. To be considered at the outset is a motion to dismiss the appeal timely filed by the appellee herein.
The record reveals that plaintiff, John L. Mills, filed his petition on April 13, 1951, alleging that by an act of sale dated March 12, 1949, he purchased a portion of the real estate and improvements subject to an agricultural lease for the years 1949 to 1952, inclusive, granted the defendant,' Hermit Knox, by plaintiff’s vendor. Asserting that the sale was expressly made subject to the written lease, Mills alleged the defendant had failed to perform some of the provisions of the lease requiring lessee to maintain at his own expense all the improvements on the farm in a good usable condition and meet the requirements for properly farming the said land, and that such failure entitled him to a cancellation of the. lease and damage.
The defendant filed an exception of no cause or right of action and a plea of prematurity, both of which were sustained by the trial judge. This decision appears from a minute entry of the court as of May 31, 1951 in simple words sustaining the exception and plea and stating that on oral motion orders of devolutive appeal were granted, returnable on a certain date with fixation of the amount of the bond. The minutes do not record that a judgment was signed and none is to be found in the record.
This court, therefore, has no alternative other than to dismiss this appeal. The rule applicable to the present issue is aptly stated by Judge LeBlanc in Vidrine v. Soileau et al., La.App., 33 So.2d 107, 108: “The judgment rendered and signed is what forms the basis of the appeal in any case; in its absence the appeal will not lie and this rule applies to a judg *273 ment on an exception of no cause of action which dismissed the plaintiff’s suit as well as to any other judgment decreeing likewise. See River & Rails Terminals, Inc., v. Louisiana Ry. & Nav. Co., 157 La. 1085, 103 So. 331; Crais v. City of New Orleans, 171 La. 285, 130 So. 867.”
Other authorities clearly show a definitive judgment is to be considered as not rendered or appealable until it has been signed by the judge who has announced the decision. Code of Practice, Articles 539, 546, 1074; Revised Civil Code, Article 2286; Delahoussaye v. D. M. Glazer & Co., Inc., et al., La.App., 182 So. 146, Id., La.App., 185 So. 644; Succession of Savoie, 195 La. 433, 196 So. 923; Brock et al. v. Police Jury of Rapides Parish et al., 198 La. 787, 4 So.2d 829; Viator v. Heintz, 201 La. 884, 10 So.2d 690; Interstate Electric Co. v. Interstate Electric Co. of Shreveport, Inc., La.App., 6 So.2d 39; Allen et al. v. Sullivan et al., La.App., 10 So.2d 388; Foster v. Kaplan Rice Mill, Inc., et al., 203 La. 245, 13 So.2d 850.
The motion to dismiss the appeal is sustained at appellant’s costs.
KENNON, J., not participating.