## No. 1190.

### FANNY K. PHILLIPS VS. HER CREDITORS.

When the record contains no order granting the appeal, it must be dismissed.

An original document, purporting to be a certificate of the Judge of the District Court, declaring that the order of appeal had been granted, and directing by order at chambers that the minutes of the court be corrected, never entered or filed in the District Court, but offered for original filing in this Court, after the unreserved submission of the motion to dismiss, comes too late, and, even if considered, must be treated, not as a part of the proceedings in the District Court, but as a mere certificate of the Judge to the facts stated therein, which cannot avail to cure the absence of the order of appeal.

APPEAL from the Twenty-fifth District Court, Parish of Lafayette. *Clegg*, J.

*M. E. Girard* for Plaintiff and Appellant.

*Geo. H. Wells* and *C. DeBaillon* for Opponents and Appellees.

The opinion of the Court was delivered by

FENNER, J. A motion is made to dismiss this appeal on the ground that the record exhibits no order granting the appeal.

The following is the entry appearing on the minutes of the court: " counsel then moved for a suspensive and devolutive appeal. Bond was fixed at $100 for the devolutive, and in the amount fixed by law for the suspensive appeal."

In a similar case, where the entry on the minutes was as follows: . " plaintiff's motion of appeal filed, and defendant's counsel takes cognizance, and appeal bond fixed at two hundred and fifty dollars," this Court said : " this is not a sufficient compliance with Arts. 574 and 573, C. P., and the amendment thereof, which requires that ' the Judge shall fix the amount of security and cause the same, with the order granting the appeal, to be entered on the minutes of the court.' The entry that the motion of appeal was filed does not show that it was granted." Norris vs. Warren, 22 An. 458.

The precise parallelism of this authority with the instant case is apparent. It accords with the express requirement of the law, and with the uniform tenor of decisions prior and subsequent to the effect that the appearance in the record of an order granting the appeal is an indispensable condition for the maintenance of the appeal. 20 An. 193 ; 22 An. 353, 458; 21 An. 649 ; 23 An. 543 ; 24 An. 276 ; 27 An. 97 ; 34 An. 833.

No contrary precedent is, or can be cited.

Since the motion to dismiss was submitted to the Court by consent of both parties, and without any reservation whatever, appellant has

offered and moved to file against the objection of appellees, an original document, being a certificate of the Judge of the District Court, in the following words : "I hereby certify that on the 29th of March, 1883, on motion of plaintiff's counsel made in open court for an appeal, the motion of plaintiff was granted and the appeal allowed in open court, returnable at the next session of the Supreme Court at Opelousas, although that fact may not distinctly appear in the entry as written by the clerk on the minutes, and said minutes should be and are hereby corrected to that extent. Granted at Chambers at Vermillionville, La., this 5th day of July, A. D. 1883.

(Signed)　　　JOHN CLEGG, Judge 25th Dist."

This attempt to remedy the defect cannot avail : First, it comes too late, after unreserved submission of the motion to dismiss ; secondly, it is an original document, never filed in the District Court or entered on the minutes thereof, but offered for original filing in this Court. Obviously an order, signed by a Judge at chambers to correct the minutes of the court, never filed or entered in the court, is without effect to operate the correction. *Non constat* that it would ever be filed or entered. The document can be treated in no other light than as a simple certificate by the Judge of the facts therein stated, and it has been distinctly held, that even an affidavit by the District Judge to the same effect, filed in this Court, could not supply or cure the absence of an order of appeal in the record. Moore vs. Simms, 21 An. 649.

In matters of practice it is essential to preserve, as far as possible, uniformity of ruling.

Appeal dismissed.