No. 2375

Second Circuit

---

TODD v. SHREVEPORT PRODUCING & REFINING CORP.

---

(November 10, 1927. Opinion and Decree.)

---

(Syllabus by the Editor)

1. **Louisiana Digest — Appeal — Par. 520; Courts—Par. 128.**

The Court of Appeal has no jurisdiction of demands for less than one hundred dollars exclusive of interest and when lack of jurisdiction appears on the face of the record it is its duty to take notice of same and dismiss the appeal.

2. **Louisiana Digest—Courts—Par. 128.**

An assignee or creditor cannot add interest from judicial demand to the account on which he is suing in the lower court in order to give the appellate court jurisdiction.

Appeal from the City Court of the City of Shreveport, Louisiana. Hon. David B. Samuel, Judge.

Action by F. W. Todd, assignee, against Shreveport Producing & Refining Corporation.

Appeal dismissed.

George Thurber, of Shreveport, attorney for plaintiff, appellant.

John B. Files, of Shreveport, attorney for defendant, appellee.

WEBB, J. The plaintiff, Todd, purchased from the Receiver of the Southern Battery Company, Inc., (at a receivership sale) an open account amounting to ninety-four and 89-100 dollars against the Shreveport Producing & Refining Corporation.

He filed suit in the City Court of the city of Shreveport against the debtor for the amount of the account plus five per cent interest from the alleged date of maturity of the account and the date of his purchase and prayed for judgment against the defendant for legal interest on the amount from judicial demand; and he appeals from a judgment rejecting his demands in toto.

## OPINION

This court has not jurisdiction of demands for an amount less than one hundred dollars exclusive of interest (Art. VII, Secs. 29 and 51, Const. 1921), and when the lack of jurisdiction appears on the face of the record it is our duty to take notice of same (La. Dig. Appeals, Sec. 520).

While we find that the weight of authority is that the right to demand interest was acquired as an accessory of the account under Article 2645 C. C. (Sirey, Art. 1692, C. N. No. 5; Fuzier-Herman, Art. 1692, C. N. No. 16), yet the assignee certainly could not have added the interest which may have been due at the time of his action for the purpose of fixing jurisdiction, and we are of the opinion the assignee is in the same position.

It is therefore ordered that the appeal be dismissed.