No. 3095

Second Circuit

(Second Division)

WILLIS v. DECK ET AL.

(April 9, 1931.  Opinion and Decree.)

Lee & Lindsey, of Minden, attorneys for plaintiff, appellant.

J. D. Snell, of Shreveport, attorney for defendants, appellees.

CULPEPPER, J.  This is an action by P. C. Willis against Lee Deck and F. E. Deck.

An inspection of the record discloses that this appeal is from an unsigned final judgment rejecting the demands of plaintiff.  The only showing in the record that a judgment was rendered is an extract from the minutes of the court of date February 5, 1927, which reads as follows:

"For reasons orally assigned, the demands of the plaintiff are rejected, and the suit is ordered dismissed."

It was from that judgment plaintiff prayed for and was granted an order of appeal.  The certificate of the clerk attached to the transcript recites that the transcript contains all the proceedings had in the case.  No final judgment, however, shows to have been signed and filed.

It is well settled that no appeal lies from an unsigned final judgment.  Hanchey v. St. L. I. M. & S. Ry. Co., 135 La. 354, 65 So. 487; Parks v. Burnside, 171 La. —, 132 So. 220.

In the above-cited cases, as in this case, the judgment was rendered orally, and an appeal granted and perfected from the judgment.  In passing upon the motions to dismiss the appeals, motions having been filed in those cases to dismiss the appeals, the court said:

"This court is without appellate jurisdiction of a case until a final judgment is signed in the court below."

No motion has been filed in this court to dismiss the appeal.  In fact, defendants have made no appearance in this court, neither by counsel to argue the case nor by any brief filed.

However, as stated by the court in the Hanchey case, "this court will, of its own accord, take notice of the fact that it is without appellate jurisdiction, and must dismiss the appeal."  Executors of Bird v. Bird, 23 La. Ann. 262; Labatt v. Durruty, 20 La. Ann. 583.

For the reasons assigned, the appeal is dismissed, at appellant's cost.