## HANKS v. ALEXANDER et al.
### No. 4802.

Court of Appeal of Louisiana. Second Circuit.

May 4, 1934.

Scarborough & Barham, of Ruston, for appellant.

Elder & Elder, of Ruston, and Robert J. O'Neal, of Shreveport, for appellee.

MILLS, Judge.

The defendants in this action are W. R. Alexander and R. C. Alexander. Through different counsel they filed separate exceptions of no cause or right of action.

The minutes recite that the exception as to W. R. Alexander was sustained September 9, 1933. They do not show that any judgment was ever signed.

The similar exception as to R. C. Alexander was sustained December 6, 1933, and judgment as to him only was read and signed the following day.

■ Appeals lie from final judgments. Article 565, Code of Practice.

No judgment is final until it is signed. Hence no appeal lies from an unsigned judgment.

■ A judgment sustaining an exception of no cause or right of action is a final and definitive judgment. Such a judgment cannot be appealed from until it is signed. An appeal taken before signing is premature, and must be dismissed ex propria motu. James v. St. Charles Hotel Co., 145 La. 1004, 83 So. 222; Hotard v. Dupont, 1 La. App. 646.

■ W. R. Alexander does not make any appearance in this court. As to R. C. Alexander, the record is devoid of any prayer for or order of appeal. The only prayer and order in the record, dated January 15, 1934, reads: "That the judgment in favor of W. R. Alexander, one of the defendants in the above numbered and entitled cause, sustaining the exception of no cause of action filed by W. R. Alexander was rendered herein on the 6th day of December in the year 1933 and signed on the 7th day of December in the year 1933; that said judgment is contrary to the law and the evidence, and the petitioner is aggrieved thereby and desires to appeal therefrom * * *."

The order reads:

"Let the petitioner be, and she is hereby, granted a devolutive appeal *as prayed for in the foregoing petition*."

The petition is wholly erroneous, as the judgment described in it was in favor of R. C. Alexander. The order is expressly limited to the erroneous recitals.

Counsel for R. C. Alexander has filed a motion to dismiss the appeal as to him. The motion is good. Sears v. Bearsh, 7 La. Ann. 539; Dupre v. Mouton, 23 La. Ann. 543; Phillips v. Her Creditors, 35 La. Ann. 935;

Gagneaux v. Desonier, 104 La. 648, 29 So. 282.

The appeal being fatally defective as to both defendants, it is hereby dismissed, at the cost of appellant.