## SOUTH SHORE RY. CO. v. YAZOO & M. V. R. CO. et al.

### No. 1750.

Court of Appeal of Louisiana. First Circuit.

Nov. 6, 1937.

Richard Kilbourne, of Clinton, for appellants.

J. Elton Huckabay, of Baton Rouge, for appellee.

LE BLANC, Judge.

This suit has for its object the expropriation of a right of way by the plaintiff, alleged in its petition to be a corporation created for the purpose of establishing, constructing, maintaining, and operating an intrastate common carrier railway within the state of Louisiana, over and across the tracks of defendant railroad companies, in the parish of East Feliciana.

In its petition, plaintiff avers that the servitude or right of way sought by it is necessary in order to carry on its work and "to enable it to fulfill its functions in behalf of a needed public improvement. * * *" It alleges further that it has been unable to make an amicable purchase of the right of way and necessarily has to resort to this form of proceeding. It accordingly prays that the servitude or right of way as fully described in its petition and on a sketch or plan attached thereto be adjudged to it. It further prays for the necessary orders for the listing, drawing, and summoning of a jury of freeholders to assess such damages as the owners or lessees of the property expropriated may suffer and for judgment upon such verdict as may be rendered, all according to law.

The defendants filed exceptions to want of proper citation and of no cause or right of action, both of which were overruled. They then filed a motion to have the order summoning the jury of freeholders rescinded and set aside for the following reasons:

1. That the plaintiff corporation was organized and incorporated merely as a subterfuge for the purpose of expropriating for the benefit of a private enterprise and that it is not a common carrier.

2. That the plaintiff is engaged in the construction of a railroad solely for the benefit of private individuals and for the convenience and profit of a private enterprise and not for the benefit and use of the public.

3. That the plaintiff is about to take their property for private and not for public use, and such action, if allowed, will cause them great and irreparable injury.

The prayer accompanying the motion is for the setting aside and recalling of the order for a jury of freeholders, and further, that the issues as tendered in the motion be tried separately and without a jury, and that after hearing there be judgment denying plaintiff the right of expropriation.

The extract from the minutes of court show that on the filing of the motion by counsel for defendant it was objected to by counsel for plaintiff and, after argument, the court overruled it. The minute entry then shows that "after introduction of oral testimony, the Court holds that the South Shore Railway Company, plaintiff herein, has a right to expropriate the property."

The only judgment signed by the district judge which we are able to find in the record is one containing the following decree:

"It is hereby ordered, adjudged and decreed that the 'motion to rescind order for jury of free-holders' filed by defendants be and the same is hereby overruled and dismissed at defendant's cost."

Certainly that is not such a judgment as can form the basis of an appeal. The right of appeal is from a final judgment. Code Prac. art. 565, and a final judgment is defined by article 539, Code Prac., as being "such as decide all the points in controversy, between the parties." It certainly cannot be pretended that this judgment does that. At most it is only an interlocutory judgment from which an appeal lies only in case it may cause one an irreparable injury. Code Prac. art 566. No such injury would appear to the defendants from the judgment now under consideration.

It may be that it was intended that the motion would also be taken as an answer by the defendants and that it contemplated a waiver of a trial by jury and disposition of the case on the merits by the district judge. Such an idea or intention might be inferred from the minute entry which shows that, after the motion to rescind had been overruled, oral testimony was adduced and the court held that plain-

tiff had a right to expropriate. The court's holding in this respect decided what was perhaps the principal issue in the controversy, but it again is far from being such a final judgment from which an appeal could be taken. But even were it to be conceded as such, it apparently never was signed by the district judge and it is well settled that an unsigned judgment is not appealable. A situation somewhat similar to the present was presented to this court in the recent case of State ex rel. Cavanaugh v. Vernon Parish Police Jury, 172 So. 403, 404, and we then stated that "a judgment not signed by the judge as required by article 546 of the Code of Practice is not appealable, and the appellate court will dismiss the appeal on its own motion." The following cases are cited: Isom v. Stevens (La.App.) 148 So. 270; Bacas v. Smith, 33 La.Ann. 139; Willis v. Deck et al., 16 La.App. 135, 133 So. 464. As also shown in that decision and some of those cited as authority, the entry or recording of the judgment in the minutes of court is not sufficient to constitute the signing of the judgment by the judge which the law requires, and, even in some cases where it appeared that the judgment had been copied in the minutes and the minutes had been signed by the judge, it was held that "his signature to the minutes is not his signature to the judgment which he must sign with his own hand."

For the reasons stated, we will, ex proprio motu, dismiss the appeal.

It is therefore now ordered, adjudged, and decreed that the appeal herein taken be and the same is hereby dismissed at the costs of the appellant.