## SPECTOR v. UNION CITY TRANSFER.

### No. 1872.

Court of Appeal of Louisiana. First Circuit.
June 30, 1938.

Robt. R. Stone, of Lake Charles, for appellant.

Pujo, Hardin & Porter, of Lake Charles, and Edw. C. Carrington, Jr., of Beaumont, Tex., for appellee.

OTT, Judge.

The suit is to recover the sum of $2,200, the alleged damage caused to a steam turbine while same was being loaded and transported by the defendant from the plant of the Gulf States Utilities Company on Ryan Street, in Lake Charles, to a point on the Southern Pacific Railroad in the eastern part of said city. The defendant company is the trade-name used by H. E. Valee and son in their business of moving and hauling freight by trucks.

The defendant was employed by plaintiff to remove this steam turbine from the plant where plaintiff had purchased it to his junk yard on the railroad, and plaintiff claims that the turbine was damaged through the improper handling and negligence of defendant's employees in the process of moving it. The defendant denies that there was any damage occasioned to this piece of machinery by reason of any improper

handling of same while same was being moved, and avers that if the turbine was damaged, the damage was caused by the reckless and improper handling of the machinery by plaintiff's employees in disconnecting it from the Utilities Company's plant and in getting it ready for moving by defendant's truck.

Several exceptions and motions were filed and overruled, but it is unnecessary to describe or discuss them here as no further mention is made of them on appeal.

The case was tried and submitted, and on the 2d day of March, 1938, the trial judge handed down written reasons for judgment concluding as follows:

"For the above and foregoing reasons there will be judgment in favor of defendant and against the plaintiff rejecting plaintiff's demands at his cost.

"Judgment will be signed in accordance with these views when presented.

"Lake Charles, Louisiana,
March 2nd, 1938."

These reasons for judgment were signed by the judge, but there is no other judgment in the record finally disposing of the case. Plaintiff filed a motion for a rehearing on March 4, 1938, which motion was taken up and overruled on March 16th following, and plaintiff secured an order of appeal to this court on the same day. The transcript was duly filed in this court.

On May 7, 1938, after the transcript was filed in this court, plaintiff filed a motion to remit the sum of $250 from the amount claimed in the petition, thus reducing the amount of the claim to $1,950, within the jurisdiction of this court.

While there is no motion filed to dismiss the appeal by the appellees, two reasons appear on the face of the record why the appeal should be dismissed by the court on its own motion, either one of which is sufficient to justify this action.

■ In the first place, no final judgment has ever been signed by the trial court. The reasons for judgment, signed by the trial judge, clearly contemplate the presentation and signing of a final judgment dismissing plaintiff's suit. The mere fact that the reasons for judgment conclude with the statement that there will be judgment rejecting plaintiff's demands, followed by the statement that a judgment will be sign-

ed when presented, cannot serve as a final judgment to support an appeal. See Delahoussaye v. D. M. Glazer & Co., Inc., et al., 182 So. 146, and Leday v. Lake Charles Pipe & Supply Co., Inc., 182 So. 148, recently decided by this court, and not yet reported [in State Reports].

■ The signed judgment is the very basis of the appeal, and without such a final judgment, the appeal will be dismissed by the court on its own motion. State ex rel. Cavanaugh, Dist. Attorney et al. v. Vernon Parish Police Jury et al., La.App., 172 So. 403; Parks v. Burnside, 171 La. 749, 132 So. 220; Willis v. Deck et al., 16 La.App. 135, 133 So. 464.

■ In the second place, the amount in controversy is above the appellate jurisdiction of this court. Plaintiff sues for $2,200. The only case where this court is vested with appellate jurisdiction where the amount in controversy is more than $2,000 is in suits involving personal injuries and suits arising under the Workmen's Compensation Laws. Act No. 20 of 1914. Constitution, Article 7, Sections 10 and 29. This suit is for alleged damage to property caused by the negligence of a drayman or carrier.

■ In determining the appellate jurisdiction, the amount in dispute at the time the judgment is rendered is the criterion which determines the court to which the appeal is to be taken. It is the matter at issue and the amount in controversy which the trial judge passes on that controls the appellate jurisdiction and a remittitur made after judgment cannot affect the appeal. Givens v. Yazoo & M. V. R. Co., 173 La. 372, 137 So. 66, and cases there cited. Certainly, if a remittitur made after judgment is rendered and before the appeal is taken cannot affect the appeal, a remittitur made after the transcript has been filed in the appellate court, as in this case, cannot have the effect of investing jurisdiction in this court.

■ When a lack of appellate jurisdiction appears on the face of the record, it is the duty of the appellate court to take notice of it and dismiss the appeal on its own motion. Todd v. Shreveport Producing & Ref. Corp., 7 La.App. 120; Dart's Louisiana Digest, Appeals, Section 520.

For the reasons assigned, the appeal is dismissed at the cost of appellant.