In this suit plaintiff seeks to recover her alleged ownership of an undivided one-half interest in a lot of ground in the city of Lake Charles which she claims belonged to the community which formerly existed between herself and her husband, William Mack Smith, from whom she is divorced, and which he had sold to the defendant herein, Tony Marino. *Page 761 
The plaintiff had had a notarial declaration of family home recorded under the provisions of Act 35 of 1921, Ex.Sess., while she was still living with her husband and they were occupying the property. That declaration was recorded on May 5, 1938, when her husband sold the property without obtaining her consent and her signature to the deed that was executed by him.
The defense to her suit, now that all the legal points presented under various exceptions have been disposed of, is based on what the defendant claims was an abandonment by her of her homestead.
After trial of that issue in the court below, the district judge, on September 10, 1945, filed his written reasons why he concluded that plaintiff was entitled to a judgment. The written reasons close with these words: "Let a judgment in accordance with these views be prepared and submitted." This is signed "John T. Hood, District Judge."
On September 12, 1945, counsel for defendant filed a written motion for rehearing in which it is asked that "judgment be rendered in favor of defendant as prayed for."
On November 30, 1945, in open court, the district judge had a written ruling on this motion, signed by him, filed in the record. The ruling concludes as follows: "This court must therefore deny the motion for a rehearing and for a judgment in favor of the defendant."
Other than this no action seems to have been taken by the district judge and although we have searched the record very diligently we have not found a written judgment and decree signed by him. We therefore have a situation similar to that which was presented in the cases of Delahoussaye v. D. M. Glazer Co., La. App., 182 So. 146, Leday v. Lake Charles Pipe Supply Co., Inc., La. App., 182 So. 148, and Spector v. Union City Transfer Co., La. App., 182 So. 524, in all three of which it was held that a signed judgment, being the very basis of an appeal, without it the appeal cannot be entertained and the court will on its own motion dismiss it. These cases discuss all the points of law that are necessary to be considered and it would be futile for us, at this time, to do any more than to refer to them.
We might add that in the present case there is another reason which emphasizes the necessity of a signed judgment as, in decreeing the plaintiff to be the owner of an undivided one-half interest in the property, it is required that the property be described in the decree as provided under the terms of Act 30 of 1940.
As much as we regret to cause further delay in this case which is already one of long standing, we have to follow the jurisprudence as laid down in the three cited cases and others on the same subject and have no alternative but to dismiss the appeal.
Appeal dismissed.