This is a suit for damages for personal injuries arising out of the act of an alleged malicious dog in having attacked and bitten plaintiff on one of his legs, above the knee, and causing a flesh wound.
Plaintiff and the defendant J. Leroy Soileau were both employed by the Cabot Carbon Company. Soileau is sued as the party who is alleged to have incited the dog to the attack and the Cabot Carbon Company is sued on the ground that it permitted the dog to remain on its premises contrary to their regulations and policy and despite the warning it had received to keep the dog under observation because of the possibility of rabies. Judgment is prayed for against the defendant Soileau in the sum of $1300 and against Cabot Carbon Company for $700.
The defendants each filed exceptions of no cause and no right of action and the defendant Soileau also filed an exception of vagueness.
The extract from the minutes of court of December 30, 1946, shows that on that day, on motion of counsel for plaintiff, the suit was dismissed as to the defendant Cabot Carbon Company. From the extract of the minutes of court of March 20, 1947, it appears that an exception of no cause or right of action filed on behalf of the defendant, Soileau, was sustained. The effect of this ruling necessarily led to the dismissal of plaintiff's suit.
No further action seems to have been taken by the court until April 7, 1947, on which day the minutes show that on motion made in open court, plaintiff was granted a devolutive appeal to this court, which was made returnable on May 7, 1947. Bond for appeal was filed on May 3, 1947.
No mention whatever is made in the extract from the minutes of court about a judgment having been rendered dismissing plaintiff's suit and neither do we find any *Page 108 
judgment, signed or unsigned, in the record that is before us.
[1] The judgment rendered and signed is what forms the basis of the appeal in any case; in its absence the appeal will not lie and this rule applies to a judgment on an exception of no cause of action which dismissed the plaintiff's suit as well as to any other judgment decreeing likewise. See River Rails Terminals, Inc. v. Louisiana Ry. Nav. Co., 157 La. 1085,103 So. 331; Crais v. City of New Orleans, 171 La. 285,130 So. 867.
[2] For the reasons assigned, the appeal herein is dismissed at the appellant's costs.