Plaintiff, individually and on behalf of his minor son, filed this suit for four hundred weeks compensation at the maximum rate.
Defendant filed an exception of no cause or right of action.
The record contains the following entry in the Court minutes of March 11, 1948:
"The exception of no cause or right of action was called up for trial, tried and sustained. Plaintiff's suit is dismissed at Plaintiff's cost.
"On motion of Counsel for Plaintiff an order of devolutive appeal is granted returnable to the Court of Appeal, Second Circuit at Shreveport, Louisiana, on or before April 5, 1948, bond for appeal fixed in the sum of $100.00."
The defendant has filed in this Court a motion to dismiss the appeal on the ground that no judgment was signed by the District Court and filed as required by law.
The motion to dismiss is well founded. The Code of Practice, Article 546, provides that "The judge must sign all definitive or final judgments rendered by him * * *."
The record contains no judgment and counsel for plaintiff concedes that none was signed.
It is well settled in Louisiana that no appeal lies when there has been no judgment signed and equally well settled that this rule applies to a judgment dismissing a suit on an exception of no cause of action. See Vidrine v. Soileau et al., La. App., 33 So.2d 107, and cases there cited.
The appeal herein is dismissed, at appellant's cost.