LOTTINGER, Judge.
Plaintiff, Nolton Perrodin, filed suit for damages resulting from an automobile accident against defendant, Johnny Horace Tillson. Plaintiff’s petition alleged that the Calvert Fire Insurance Company was the collision insurer of defendant, and, as such, was indebted unto defendant in the sum of damages to defendant’s car. Plaintiff, therefore, prayed that the said insurance company be made a garnishee and be required to answer under oath and in writing certain interrogatories which were annexed to plaintiff’s petition, and furthermore, that plaintiff’s rights under the garnishment be recognized and enforced.
The insurance company filed exceptions of no cause and no right of action, alleging that the garnishment proceeding was null and void for the reason that it was based neither on a writ of attachment nor a writ of fieri facias, and that no garnishment proceeding could legally be instituted unless based on one of the said writs. The insurance company further asked for damages and attorney fees. From a judgment rendered maintaining the exceptions of no right or cause of action insofar as it referred to the interrogatories and garnishment and di-sallowing the claim for damages and attorney fees, the plaintiff brings this appeal. The insurance company has not appealed nor filed an answer asking for a reconsideration of their claim for damages and attorney fees.
The minutes of the lower court recite that the exception of no right or cause of action insofar as it refers to the interrogatories and garnishment were maintained, but they do not show that any judgment was ever signed. No judgment is final until it is signed. Article 565 of the Code of Practice provides that appeals lie from final judgments. No judgment is final until it is signed. Hence, no appeal lies from an unsigned judgment. A judgment sustaining an exception of no right or cause of action is a final and definitive judgment. Such a judgment cannot be appealed from until it is signed. An appeal taken before signing is premature and must be dismissed ex propria motu. Hanks v. Alexander, La.App., 154 So. 374.
Therefore, for the above and foregoing reasons, the appeal taken is hereby dismissed at the cost of appellant.