PER CURIAM.
Petitioner filed suit on Jan. 21, 1952, alleging that in the primary election held in the State of Louisiana on the 15th day of January, 1952, he was a candidate for nomination at said primary for the office of Police Juror of the 10th Ward of the Parish of Ascension, and that his sole opponent therein was Leon De Armand. He alleges that as a result of the count made by the Commissioners on election night petitioner was duly elected to said office by a majority of four votes, but thalt as a result of the recounting of the tally sheets by the “Parish Democratic Executive Committee” the Committee found an additional tally for your petitioner’s opponent and declared him elected to the office by a majority of 1 vote.
He alleges under belief that the count of the Committee is erroneous, and that if the tally sheets did show an additional tally as found by the Committee that same was added to the tally sheets after the completion of the count by the Commissioners, or is an error on that particular tally sheet and that the results announced by the Commissioner is correct and that petitioner was the winner of the election.
Petitioner further alleges in the alternative that even if the count of the Committee is correct, the Commissioners allowed and counted for your . opponent a number of marked, defaced, illegal and void ballots of sufficient quantity that when excluded from the count, petitioner would have a majority of the valid votes to be elected. He avers that the lOith Ward of the Parish of Ascension is composed of 3 precincts and that he has deposited with the Clerk of Court of the Parish the amount required by law, in order that the precinct boxes of the ward be recounted under the supervision of the Court. He finally alleges in Article 13 of his petition, that since the conclusion of the count by the Commissioners said boxes have been in the custody of the Clerk of Court of the Parish and that neither the boxes nor their contents have been tampered with or disturbed subsequent to their closing by the Commissioners, and he therefore prays for a recount under the supervision of the Court, and that petitioner be declared the nominee for the office of Police Juror of the 10th Ward of the Parish of Ascension.
To the foregoing, an exception of no right or cause of action was filed on Jan. 25th, and on the same day with reservations of said exception, defendant filed answer which in substance upholds the count of the Parish Democratic Executive Committee as being true and correct, and that your respondent was duly nominated as Police *234 Juror from Ward 10 of Ascension Parish; respondent further denies the right of the plaintiff to have the ballots examined, under the general and vague allegations of the article of plaintiff’s petition, plaintiff being entitled only to have said votes recounted, and that respondent has therefore brought this matter to the' attention of the Court under the exception of no right or cause of action, which is again pleaded and respondent’s rights thereunder specially reserved.
.Respondent finally prays for judgment in his favor denying and rejecting plaintiff’s demand for anything other than a strict rer count of the votes as returned by the Commissioner of Election, in the 3 precinct boxes comprising Ward 10, Ascension Parish, which is submitted for adjudication by the Court.
In a supplemental answer filed on Feb. 1st, respondent amends his answer to Article 13 of plaintiff’s petition (above set forth) as having been inadvertently admitted in his original answer, and denies same for lack of sufficient information upon which to' base or justify a belief.
On the issues as thus presented, judgment was rendered in the District Court on Feb, 2, 1952, maintaining the exception in so far as it pertained to the allegations of fraud or irregularities but held that the allegations were sufficient to set forth a cause of action in support of plaintiff’s demand for a recount.
On Feb. 4, 1952 prior to the trial of the merits, the plaintiff filed an exception of no right of action and (or) motion to rescind the order of Court allowing the supplemental answer. The exception or motion was overruled, to which ruling plaintiff reserved a bill.
The matter at issue is the opening of the ballot boxes, the examination of the ballots, and the counting and tabulating of same. The three ballot boxes were 'brought into Court by the Clerk of the Court. Upon orders of the Judge, the plaintiff proceeded to show that the ballot boxes had not been tampered with nor were the boxes exposed to possible tampering. After hearing evidence, the plaintiff then offered the three boxes to be opened and the counting and tabulation of the ballots to be proceeded with, to which the defendant objected on the grounds that plaintiff had failed to prove that the ballot boxes were guarded after the completion of the count so carefully as to exclude any reasonable opportunity to be tampered with. The trial Judge for reasons dictated in the record, sustained the objection of defendant and refused to proceed with the opening of the ballot boxes, and the counting and tabulating the ballots therein contained.
The ruling on the objection had the effect of dismissing plaintiff’s suit. No further action seems to have been taken in obtaining a signed judgment. No mention is made in the abstract of the minutes of court that the judgment was rendered dismissing plaintiff’s suit, neither do we find any judgment, signed or unsigned in the record. .
The judgment rendered and signed is what forms the basis of the appeal in any case; in its absence the appeal will not lie. See Vidrine v. Soileau, La.App., 33 So.2d 107.
For these reasons, the appeal herein is dismissed at appellant’s costs.