CAVANAUGH, Judge.
Plaintiff instituted this suit against the defendant for the sum of $1275.50, with legal interest from judicial demand until paid, for damages suffered by his wooden hull cruiser “Maxine P” which became stranded in a marsh or mud bank in St. Tammany Parish on January 22, 1952. The defendant had issued its yacht policy number Y 410303 on July 3, 1951,. and accepted a premium of $120 from the'plaintiff. The accident occurred to plaintiff’s cruiser when plaintiff was using it in the Louisiana marsh in Bayou Brendeau off Bay St. Louis, Mississippi, when a storm blew the cruiser on a shell reef or mud bank. Plaintiff made proof of loss for damages in the amount of $328.75, which was paid by defendant by draft on April 17, 1952. The present suit is for additional damages which the plaintiff contends happened to the engine and which he did not discover until after the claim was paid. It is his contention now that the settlement and compromise agreement was based on an error of fact and that he should be entitled to recover the additional sum because he did not know the motor was damaged when he made the settlement.
The defendant filed an exception of no cause and no right of action predicated upon the ground that there had been a complete settlement, satisfaction and discharge of any and all claims plaintiff had arising out’of the stranding of. the cruiser. It also pled the prescription of twelve months provided for in the policy within which to bring the suit after the happening of the loss.
The Trial Judge sustained the exceptions and dismissed the plaintiff’s suit. From this dismissal, the plaintiff has devolutively appealed to this court.
 The exceptions were filed by the defendant on June 25, 1953, were heard by the District Judge on July 20, 1953, and sustained. The plaintiff obtained an order for a devolutive appeal on September 4, 1953, and filed a devolutive appeal bond on September 8, 1953. We do not find that the record in this case contains a formal judgment rendered and filed by the District Judge in the lower court. The certificate of the Clerk of Court is dated 'October 29, 1953, and- it is certified by him that the record *417 contains all of the papers'and documents filed and a certified copy of the minute entries in the suit. Of course, since there is no judgment in the record and the Clerk’s certificate is complete, this appeal is premature because the judgment has not been rendered and signed. No appeal lies from an unsigned judgment. The District Court still has jurisdiction of this case. Greene v. Baynard, 194 La. 409, 193 So. 690; Perrodin v. Tillson, La.App., 52 So.2d 306. The only action we can take-in this matter is to dismiss the appeal ex proprio motu.
For the reasons assigned, the appeal is dismissed at the cost of appellant.