LOTTINGER, Judge.
Plaintiff brought this .action against the Pointe Coupee Parish School Board seeking damages for the death of their minor son. In their petition they made reference to Act No. 479 of 1952 of the Legislature of the State of Louisiana which authorized the -bringing of the suit. The specific wording of the act relative to the authorization referred to, a suit “against the State of Louisiana through the Pointe Coup.ee Parish School Board”. The defendant Parish School Board filed exceptions of no right and no cause of action and nonjoinder of parties defendant based on the contention that legislative authority was necessary to ■authorize an action for personal injury or death against the School Board and the purported authority contained in Act 479 of 1952 did not permit a suit against the Pointe Coupee Parish School Board. According to the minutes of the Clerk of Court *891 the exceptions hereinabove referred to were taken up' on June 2, 1953. , The exceptions were then argued and submitted and the court sustained the exceptions of no right and no cause of action and also the exception of nonjoinder, and accordingly said suit was ordered dismissed in so far as the Pointe Coupee Parish School Board was concerned, reserving to plaintiffs any rights they may have to file a supplemental'petition making the State of Louisiana party defendant in lieu of the Pointe Coupee Parish School Board. From this dismissal, the plaintiffs have devolu-tively appealed to this court.
The defendant, Pointe Coupee Parish School Board, appellee herein, has filed a motion to dismiss this appeal on the ground that the District Judge never signed any formal judgment in the matter. We do not find that the record in this case contains a formal judgment rendered and signed toy the judge of the lower court. There is no mention made in the minutes of the lower court of any formal judgment being signed by the lower court and the certificate of the Clerk of Court attached to the record certifies that the record contains all of the proceedings. had on the trial of the exceptions. Since there is no formal judgment in the record and the clerk’s certificate is complete, this appeal is premature because the judgment has not been rendered and signed. Article 565" of the Code of Practice provides that appeals lie from final judgments. No judgment is final until it is signed. Hence, no appeal lies from an unsigned judgment. A judgment sustaining an exception of no right or cause of action is a final and definitive judgment. Such a judgment cannot be appealed from until it is signed. The only action we can take in this matter is to dismiss the appeal. See Perrodin v. Tillson, La.App., 52 So.2d 306; Poole v. Home Insurance Company, La.App., 71 So.2d 416.
Therefore, for the above and foregoing reasons, the appeal taken is hereby dismissed at the cost of appellant.
Appeal dismissed.