LOTTINGER, Judge.
This matter and the case of Smith v. Smith, bearing docket numbers 14,340 and 14,339, respectively, of the Court below, are *505 tort' actions wherein the plaintiffs seek to recover damages from the defendant, Joe Smith', for striking and killing two head óf cattle, one of which belonged to each of them.
It appears from the two records that the cases were apparently consolidated for trial in the court below and that previous to trial on the merits, the District Judge, Honorable Robert D. Jones, upon consent ■of counsel, recused .himself and appointed Honorable H. H. Richardson, Attorney at Law, as Judge ad hoc to try the .two cases. It further appears that Mr. Richardson was administered the ,oath of Judge ad hoc and proceeded to hear the matters. Following trial on the merits, the judge ad hoc rendered written reasons for judgment, wherein hé concluded that the" plaintiff, Lucius T. Simmons, was- entitled to an award of $200 and that the plaintiff, Jeffie B. Smith, was entitled to an award of $150. The records recite that the reasons for judgment were read and rendered on October 5, 1954, and appear to be signed by Mr. Richardson. Each record also contains a judgment rendered, read and signed in open court on October 8, 1954, each’ of which judgments grants to the respective ■plaintiffs the amounts arrived ■ at by Mr. Richardson, the judgments themselves, however, being signed by the District Judge, Honorable Robert D. Jones.
While neither party has raised the question, we feel that the appeal which the defendant has attempted to perfect must be dismissed. It is hornbook law 'that an appeal will only lie from a judgment which has been properly read, rendered and signed. In the two cases under consideration, when the District Judge recused himself and appointed a judge ad hoc, to try the matters, he necessarily divested himself of all jurisdiction and hence the judgments as rendered and signed by him are null and void. For that reason there is no judgment upon which to base an appeal and the same must necessarily be dismissed at appellant’s cost.
Appeal dismissed.