HAMITER, Justice.
Relators (twenty in number), who are the duly elected and qualified constables and justices of the peace for the several wards in the Parish of St. James, seek in this mandamus proceeding to compel the police jury of the named parish to pay to each of them $5 per month from August 1, 19S6. This sum represents the difference between a monthly salary of $15 heretofore paid and one of $20 which relators claim under the provisions of Act 369 of 1956 (L.R.S. 33: 1702) — a statute reciting that “The police jury in all parishes having a population of over ten thousand shall pay the constables and justices of the peace thereof a salary of not less than twenty dollars per month. * ‡ *»
Following the issuance of an alternative writ of mandamus the respondent answered, admitting the qualifications of relators but specially pleading that “Act No. 369 of 1956 is unconstitutional in that it is in direct contravention of Article VII Section 50 of the Constitution of the State of Louisiana because said article and section specifically provides that the salaries of Justices of the Peace and Constables shall be fixed by the Police Jury of the parish in which situated.”
As reflected by the court minutes, the district judge heard argument on the petition and answer and “ * * * ordered that the writ of mandamus issued herein be recalled and ordered that said matter be discharged.” This ruling, according to the briefs of counsel for all parties, resulted from a conclusion reached by the judge that the statute invoked by relators is unconstitutional.
Thereafter, relators requested and obtained the instant devolutive appeal. However, in view of the circumstance hereinafter pointed out we are unable to entertain it.
The transcript furnished to this court does not contain a signed judgment (evidencing the dismissal of relators’ action) — a prerequisite for the granting of and the foundation for a valid appeal. Apparently none was ever prepared, signed and filed, for the court minutes do-not disclose the undertaking of those steps. Too, the clerk of the district court has certified over his signature and seal “ * * * that the foregoing thirteen (13) pages do contain a true, correct, and complete transcript of all the proceedings had, documents filed and evidence adduced upon the trial of the cause * * *.”
As stated in River & Rails Terminals, Inc. v. Louisiana Railway & Navigation Company, 157 La. 1085, 103 So. 331, “Code of Prac. art. 546, provides that the judge must sign all definitive or final judgments rendered by him, and it is well settled by the decisions of this court that no appeal lies from an unsigned judgment. State ex rel. Dixon v. Judge, 26 La.Ann. 119; Saloy v. Collins, 30 La.Ann. 63; Hauch v. E. C. Drew Inv. Co., 116 La. 488, 40 So. 847; Mitchell v. Shreveport Creosoting Co., 123 La. [957], 958, 49 So. 655; James v. St. Charles Hotel Co., 145 La. [1004], 1007, 83 So. 222.” See also State ex rel. Hartwell v. Jumel, Auditor, 30 La.Ann. 421; Crais v. City of New Orleans, 171 La. 285, 130 So. 867; Greene v. Baynard, 194 La. 409, 193 So. 690; Viator v. Heintz, 201 La. 884, 10 So.2d 690; and Brown v. Boudreaux, 207 La. 233, 21 So.2d 44.
To the same effect are numerous decisions of the Courts of Appeal, including those in the following cases: Isom v. Stevens, La.App., 148 So. 270; Hanks v. Alexander, La.App., 154 So. 374; Perrodin v. Tillson, La.App., 52 So.2d 306; Mills v. Knox, La.App., 55 So.2d 272; Poole v. Home Insurance Company, La.App., 71 So.2d 416; Clement v. Pointe Coupee Parish School Board, La.App., 75 So.2d 890; and Simmons v. Smith, La.App., 79 So.2d 504.
For the reasons assigned the appeal is dismissed at appellants’ costs.