FRUGÉ, Judge ad hoc.
Douglas L. Crotty, Sr. died intestate on February 14, 1954 leaving a surviving spouse and two minor children. The surviving spouse, Mrs. Gertrude Thelma Siers Crotty, qualified as Tutrix of the minors and as administratrix of the Succession. The inventory showed only some items of household furniture and fixtures were stored with The Globe Storage Company, Inc. of Baton Rouge, Louisiana. A petition was filed by the administratrix to sell the movables to pay the debts of the com *536 munity and succession, which were alleged to be more than the value of the assets. The Globe Storage Company, Inc. filed a third opposition to the sale claiming preference of the proceeds of the sale over all other persons, including Court costs and attorney fees up to Six Hundred Twenty Three and 98/100 ($623.98) Dollars. On May 16, 1956, the Trial Judge concluded that the third opponent’s lien and privilege outranked the privilege of law charges and in rendering said opinion, stated:
“Judgment is rendered — and will be signed sustaining the opposition of Globe Storage Co., Inc.”
The term of the Nineteenth Judicial District Court ended July 31, 1956 without any judgment having been signed and on February 7, 1957, counsel for the administra-trix made an oral motion for an appeal to the Louisiana Supreme Court. The record indicates that Globe Storage Company, Inc. was never cited or served with a petition of appeal.
The Louisiana Supreme Court ex pro-prio motu concluded that it did not have appellate jurisdiction since the entire amount of the succession did not exceed $2,000, and it was transferred to this Court.
The defendant, Globe Storage Company, Inc., has filed a motion to dismiss the appeal alleging certain grounds amongst which is that the appeal is from a judgment rendered in favor of Globe Storage Company, Inc. by the Trial Judge on May 16, 1956, but no Judgment was ever signed in the matter prior to February 7, 1957, the date the oral motion for appeal was made and granted. We believe that this motion is well founded. There being no final and signed judgment to appeal from, this Court has nothing to review. It is necessary that the matter be finally disposed of in the Trial Court before an appeal may be taken to this Court. The latest expression sustaining that rule was made by Justice Hamiter for our Supreme Court in the case of State ex rel. Poche v. Police Jury of St. James Parish, 1959, 109 So.2d 83. Accordingly, the appeal is dismissed at appellant’s cost.
Appeal dismissed.