AYRES, Judge.
In this action plaintiffs seek to recover of the defendant a balance allegedly due by defendant on a contract for the installation of a sanitary sewer system in Hembling Park, a subdivision in the City of Pineville, owned by defendant.
Plaintiffs’ demands were met by an exception of prematurity predicated upon contractual provisions requiring a written acceptance of the work by the engineer under whose supervision the work was undertaken, the filing and recordation of such ac *95 ceptance in the Mortgage Records of Ra-pides Parish, Louisiana, and the lapse of a period of 45 days following said filing before final payment would be due the contractor. The plea of prematurity was tried and sustained. An opinion of the trial judge, setting forth his reasons therefor, was filed in open court February 13, 1959.
However, no judgment appears in the record. -Nor do the minutes show that a judgment was ever signed in accordance with the reasons assigned in the written opinion before this appeal was taken. The court’s action in sustaining the plea and dismissing plaintiffs’ suit is in its nature definitive. A formal judgment evidencing that fact should have been signed before an appeal was taken as no appeal lies from an unsigned definitive judgment. Code of Practice Arts. 539, 546, 1074; LSA-C.C. Art. 2286; Nicholls v. Maddox, 52 La.Ann. 496, 26 So. 994; James v. St. Charles Hotel Co., 145 La. 1004, 83 So. 222; River & Rails Terminals, Inc. v. Louisiana Ry. & Nav. Co., 157 La. 1085, 103 So. 331; Succession of Savoie, 195 La. 433, 196 So. 923; Brown v. Boudreaux, 207 La. 233, 21 So.2d 44; Viator v. Heintz, 201 La. 884, 10 So.2d 690; Foster v. Kaplan Rice Mill, Inc., 203 La. 245, 13 So.2d 850; Vidrine v. Soileau, La.App., 33 So.2d 107; Mills v. Knox, La.App., 55 So.2d 272; Clement v. Pointe Coupee Parish School Board, La.App., 75 So.2d 890; Johnson v. Hunter, La.App., 88 So.2d 467.
Thus, it may be correctly stated that an appeal must be predicated upon a judgment rendered and signed; otherwise, no appeal will lie. The court must of its own motion take notice of the lack of a signed judgment in the case and ex proprio motu dismiss the appeal. Bacas v. Smith, 33 La.Ann. 139; Jefferson Island Salt Co. v. Rogers, La.App., 160 So. 329; Riley Feed Mfg. Co. v. Rogers, La.App., 160 So. 330; Poole v. Home Ins. Co., La.App., 71 So.2d 416; Fidelity & Casualty Co. of New York v. Callicott, La.App., 83 So.2d 671.
Accordingly, the appeal is dismissed at plaintiffs-appellants’ cost.
Appeal dismissed.