LOTTINGER, Judge.
The original appeal taken by the admin-istratrix of the above entitled succession to the Supreme Court was transferred to us, the Court having noticed, ex proprio motu, that it did not have appellate jurisdiction as the entire amount of the succession, according to the inventory, did not exceed $2,000. See 235 La. 1032, 106 So.2d 459. When the matter was lodged with us we sustained a motion to dismiss the appeal as no judgment had been signed prior to February 7, 1957, the date the oral motion for appeal was made and granted. See La.App., 111 So.2d 535. A judgment was finally signed on June 12, 1959 and the matter is now before us again.
The facts may be briefly re-stated as follows : Douglas L. Crotty, Sr. died intestate on February 14, 1954, leaving a surviving spouse and two minor children. The surviving spouse, Mrs. Gertrude Thelma Siers Crotty, qualified as tutrix of the minors and as administratrix of the succession. The inventory reflected only some items of household furniture, fixtures and appliances (which were stored with The Globe Storage Company, Inc.) the whole of which were appraised at the sum of $5G0. A petition was filed by the administratrix to sell the movables to pay debts of the succession, which were alleged to exceed the value of the assets. The Globe Storage Company, Inc. then filed a third opposition claiming preference of the proceeds of the sale over all other persons, including Court costs and attorney fees, up to $623.98. The trial judge sustained the opposition of The Globe Storage Company, Inc. hence the appeal.
It is admitted that the facts set forth in the third opposition are correct but it is contended that as the succession owes funeral charges, court costs and legal charges the matter is governed by LSA-C.C. Articles 3191 and 3276 and that, therefore, the claim of the warehouseman, The Globe Storage Company, Inc. is outranked by the privileges enumerated in the aforesaid articles.
The contention of the third opponent, on the other hand, is that it is accorded a privilege by virtue of the provisions of LSA-R.S. 54:27 and LSA-C.C. Articles 3224-3226 which privilege, under the authority of LSA-C.C. Article 3262, primes those set out in the Codal articles relied on by appellant.
LSA-C.C. art. 3191, which is found in Chapter 3, Section 1, entitled “Of General Privileges on Movables” of Title XXI of the Code, reads as follows:
“The debts which are privileged on all the movables in general, are those hereafter enumerated, and are paid in the following order:
*76 “1. Funeral charges.
“2. Law charges.
“3. Charges, of whatever nature, occasioned by the last sickness, concurrently among those to whom they are due.
“4. The wages of servants for the year past, and so much as is due for the current year.
“5. Supplies of provisions made to the debtor or his family, during the last six months, by retail dealers, such as bakers, butchers, grocers; and, during the last year, by keepers of boarding houses and taverns.
“6. The salaries of clerks, secretaries, and other persons of that kind.
“7. Dotal rights due to wives by their husband [sic]” :
The other code article relied on by appellant, LSA-C.C. Article 3276, which is found in Chapter 7, entitled “How Privileges Are Preserved and Recorded” of Title XXI, reads as follows:
“The charges against a succession, such as funeral charges, law charges, lawyers’ fees for settling the succession, the thousand dollars secured in certain cases to the widow or minor heirs of the deceased, and all claims against the succession originating after the death of the person whose succession is under administration, are to be paid before the debts contracted by the deceased person, except as otherzmse provided for herein, and they are not required to be recorded.” (Emphasis supplied.)
LSA-C.C. Articles 3224-3226, which grant to third opponent its privilege are found in section 2 entitled “Of the Privileges on Particular Movables” of Title XXI of the Code. LSA-C.C. art. 3262, which is found in the same Title under Chapter 6 thereof, entitled “Of the Order in Which Privileged Creditors are to be Paid”, reads as follows:
“The privilege of him who has taken care of the property of another, has a preference over that property, for the necessary expenses which he incurred, above all the other claims for expenses, even funeral charges; his privilege yields only to that for the charges on the sale of the thing preserved.” (Emphasis supplied.)
We think it clear that the precise and specific provisions of the Codal articles relied on by the third opponent control over the general and overall provisions of those cited by appellant. The trial judge so held and, we think, correctly so. For the reasons assigned the judgment appealed from is affirmed.
Judgment affirmed.