HERGET, Judge.
Plaintiff, Mayfair Sales, Incorporated, instituted suit against Defendant for the sum of $256.04 alleging Plaintiff to be the holder and owner, for valuable consideration, of a certain check for said amount allegedly drawn by Defendant, which check when presented for payment was refused. Defendant, through counsel, answered in the form of a general denial and, in addition, filed a motion seeking a stay of proceedings. In accordance with the motion an order was obtained on the 8 day of June, 1962 for a rule to issue commanding Plaintiff to show cause on the 18 day of June 1962 why the proceedings should not be stayed until such time as the military service of Defendant no longer hampered his ability to defend himself in the action.
The minutes of the court of June 18, 1962 reveal:
“This rule returnable this day, WHY the case assigned for trial on Tuesday, June 19, 1962 should not be continued until the defendant returned from the military service, was continued until Tuesday, June 19, 1962.”
The minutes of the court of June 19, 1962 reflect the Court ordered that the Defendant be granted a stay of proceedings until his military service is terminated.
A search of the record before us fails to disclose any judgment having been signed by the Court accordingly.
In the absence of a signed judgment in this case the appeal taken by Plaintiff cannot be entertained and, for the reasons stated, we will ex proprio motu dismiss the appeal. LSA-C.C.P. art. 1911. Isom v. Stevens, La.App., 148 So. 270; South Shore Ry. Co. v. Yazoo & M. V. R. Co. et al., La. App., 176 So. 678.
It is therefore ordered, adjudged and decreed that the appeal be dismissed at the cost of Plaintiff-Appellant.
Appeal dismissed.