REID, Judge.
This case was consolidated with No. 6237, 170 So.2d 665, Earl Kimball, Individ *674 ually and as Administrator of the Estate of Dolly Pauline Kimball v. Lewis C. Landreneau, Sr., et al. The record in this case does not disclose any judgment upon which an appeal can be based. On October 15, 1963 the Trial Judge filed written reasons for judgments which were signed by him as of that date. The last sentence in the written reasons reads “Judgments will be signed accordingly.” It is, therefore apparent that the said reasons for judgment cannot be considered as a judgment. Subsequent to the filing of the reasons for judgment the defendants filed a Motion for a New Trial, which said Motion was denied on November 18, 1963 for the oral reasons assigned. On November 19, 1963 a judgment on the Motion for a New Trial was read and signed in open Court. This judgment reads as follows:
“This cause came on for hearing pursuant to regular assignment. Present ill Court were Counsel for Plaintiffs, Sam D’Amico, and Counsel for Defendants, American Surety Company, Lewis C. Landreneau and Samuel Thomas, Mr. Maurice J. Wilson. For reasons orally assigned the Motion- for New Trial is denied.”
This is the only judgment that appears in the record in this case and cannot be considered a final judgment upon which an appeal can be taken.
See Spector v. Union City Transfer, La.App., 182 So. 524, 525, which reads as follows :
“In the first place, no final judgment has ever been signed by the trial court. The reasons for judgment, signed by the trial judge, clearly contemplate the presentation and signing of a final judgment dismissing plaintiff’s suit. The mere fact that the reasons for judgment conclude with the statement that there will be judgment rejecting plaintiff’s demands, followed by the statement that a judgment will be signed when presented, cannot serve as a final judgment to support an appeal. See Delahoussaye v. D. M. Glazer & Co. Inc., et al., [La.App.], 182 So. 146, and Leday v. Lake Charles Pipe & Supply Co., Inc., 182 So. 148 recently decided by this court, and not yet reported [in State Reports].
“The signed judgment is the very basis of the appeal, and without such a final judgment, the appeal will be dismissed by the court on its own motion. State ex rel. Cavanaugh, Dist. Attorney et al. v. Vernon Parish Police Jury et al., La.App., 172 So. 403; Parks v. Burnside, 171 La. 749, 132 So. 220; Willis v. Deck et al., 16 La.App. 135, 133 So. 464.”
See also, Hooter v. Farrar, La.App., 113 So.2d 94; Succession of Crotty, La.App., 111 So.2d 535; Johnson v. Hunter, La.App., 88 So.2d 467; State ex rel. Poche v. Police Jury of St. James Parish, 236 La. 757, 109 So.2d 83; Article 1918 LSA-C.C.P.
The Notice of Appeal filed in the record sent to the attorneys of record for the defendant states that the plaintiff has filed a devolutive appeal from the judgment of October 15, 1963. However, as mentioned above there was no judgment signed on October 15, 1963. It should be pointed out that in both Appeal No. 6237 and 6238, 170 So.2d 665, 671, with which this case is consolidated, judgments in accordance with the written reasons were signed on October 23, 1963 and appear in the record in those cases.
LSA-C.C.P. Article 2083 reads as follows :
“An appeal may be taken from a final judgment rendered in causes in which appeals are given by law whether rendered after hearing or by' default, and from an interlocutory judgment which may cause irreparable injury.”
*675 Therefore, as it appears from the record that no final judgment was ever signed in this matter the appeal in this case is dismissed.
Appeal dismissed.