SAMUEL, Judge
(concurring).
Even though the issue was pretermitted, I must disagree with what the majority has said about “rendition” of judgment as the same relates to the statutory requirement that the appeal shall be filed in the appellate court not more than five days from “rendition”.
Our settled law is that “rendition” includes signing by the judge who made the decision; a definitive judgment has not been “rendered”, and is therefore not ap-pealable, untij so signed. LSA-C.C.P. Art. 1911; State ex rel. Poche v. Police Jury of St. James Parish, 236 La. 757, 109 So.2d 83; Viator v. Heintz, 201 La. 884, 10 So.2d 690; Tolbert v. Thomas, La.App., 173 So.2d 391; Excel Finance Treme, Inc. v. Cohn, La. App., 159 So.2d 560.
Certainly the time within which an appeal must be filed cannot begin to run until the appeal can be taken. In the instant case the appeal, in my opinion, was timely filed in this court in view of the fact that it was filed within five days of the signing of the *681 judgment, the date on which the judgment became appealable.
As I agree with the majority’s conclusion on the issue of whether the suit was filed timely,
I respectfully concur.